CRH/MAA/IC
F. #2017R00906

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

MICHAEL MCMAHON,
ZHENG CONGYING and
ZHU YONG,
   also known as "Jason Zhu,"

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

No. 21-CR-265 (S-1) (PKC)

## THE GOVERNMENT'S VOIR DIRE REQUESTS

                                       BREON PEACE
                                       United States Attorney
                                       Eastern District of New York

Craig R. Heeren
Meredith A. Arfa
Irisa Chen
Assistant United States Attorneys

Christine Bonomo
Trial Attorney
National Security Division
   (Of Counsel)

PRELIMINARY STATEMENT

The government respectfully submits the following proposed statement of the case to be read to prospective jurors during jury selections, and the following proposed questions for the Court's examination of prospective jurors pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure. The government respectfully submits that the questions listed below would aid in the selection of a fair, impartial and unbiased jury.

JOINT[1] DESCRIPTION OF THE CASE

During voir dire, the government proposes that the Court provide the following introduction to the charges in this case:

The Superseding Indictment in this case charges that the defendants, MICHAEL MCMAHON, ZHENG CONGYING AND ZHU YONG, also known as Jason Zhu, together with other people, committed four crimes. Specifically, the defendants are charged with (1) conspiring to act as agents of a foreign government without prior notification to the Attorney General of the United States, (2) acting as agents of a foreign government without prior notification to the Attorney General of the United States, (3) conspiring to engage in interstate stalking, and (4) engaging in interstate stalking. The government alleges that the defendants acted as agents of the People's Republic

---

[1] Defendant Zheng does not object to the description of the case. Defendant McMahon does not object to certain portions of the description of the case, but objects to other portions of the description. It is the government's understanding that defendant McMahon may file a separate submission providing defendant McMahon's proposed description of the case. Defendant Zhu was provided a copy of the description of the case, but did not provide his position on the description.

1

of China (the "PRC" or "China"), and that the stalking victims are two persons, a husband and wife who reside in New Jersey but are originally from China. Specifically, the government alleges that the defendants knowingly participated in a scheme, directed by the PRC government and PRC government officials, to locate, surveil, threaten, harass and intimidate the victims and their family in order to coerce the victims to return to China.

PROPOSED VOIR DIRE REQUESTS

In addition to the Court's usual voir dire, the government respectfully requests that the Court include the following case-specific questions in its examination of prospective jurors.

I.    Case Description Questions

1.    The government respectfully requests that the Court inquire about prospective jurors' familiarity with the persons and places on the list marked as Exhibit A.

2.    Is there anything about this case that causes you to favor one side over the other? Could you put aside any pre-existing preference for one side and impartially find the facts based on the evidence presented to you and apply the law as Judge Chen gives it to you?

3.    This case will involve testimony and documentary evidence originally spoken in Mandarin or Cantonese or written in Chinese that will be translated for you into English. Do you have any ability to understand spoken Mandarin or Cantonese or read written Chinese? I instruct you that the evidence you are to consider in this case is the English translation of any foreign-language testimony or documentary evidence. If you are able to

read or understand Mandarin or Cantonese or Chinese, will you be able to accept the English translations of the testimony and exhibits as the only evidence you are to consider in this case?

    4.  This case involves individuals alleged to have worked at the direction of officials of the Government of the PRC, or China, inside the United States.  Have you, or anyone you know, had any experience working in the United States for a foreign government, whether the PRC or another foreign country?

    5.  This case involves individuals alleged to have committed crimes in China.  Have you, or anyone you know, had any experience facing law enforcement actions stemming from a foreign government, whether the Chinese government or another foreign country?

    6.  Have you or have any of your relatives or close friends worked with, or otherwise participated in, any organization that works on issues related to transnational repression or international human rights?

    7.  More generally, have you or any of your relatives or close friends had any experience with the Chinese government, positive or negative?  Do you or any of your relatives have strongly held views about the Chinese government, either positive or negative?

II.  <u>Experience with the Justice System</u>

    1.  Do you have any opinions or beliefs concerning law enforcement in general—such as the Federal Bureau of Investigations, known as the "FBI," the Department of Homeland Security, Homeland Security Investigations, known as "HSI," the Department of State Diplomatic Security Service, known as "DSS", the Department of Justice, known as "DOJ," the United States Attorney's Office for the Eastern District of New York, or any other

law enforcement agency—that would make it difficult for you to evaluate the evidence fairly and impartially in accordance with the Court's instructions?

2. The witnesses in this case may include law enforcement personnel. Would you be inclined to believe a witness more because of his or her employment in law enforcement?

3. Have you, or have any of your relatives or close friends, ever been questioned in any matter by law enforcement authorities? Have you, or have any of your relatives or close friends, ever been a witness, victim or defendant in a criminal prosecution, whether federal, state or local? Have you, or any close friends or relatives, ever been arrested, or been the victim of a crime? Would those experiences affect your ability to be fair and impartial?

4. More specifically, this case is the result of an investigation involving the Federal Bureau of Investigation, or FBI, the Department of Homeland Security, Homeland Security Investigations, or HSI, and Diplomatic Security Services, or DSS. Have you, or have any of your relatives or close friends, had any experience with the FBI, HSI, or DSS?

5. Have you, or has a relative or close friend, ever been arrested, charged with a crime, the subject of a criminal investigation or the victim of a crime? If yes, do you think you or your family member or friend was treated fairly by the criminal justice system?

6. Do you believe that any group does not receive fair treatment from police, prosecutors or law enforcement agencies? Do you believe that any group receives preferential treatment from police, prosecutors or law enforcement agencies?

       7.      You may learn that there was one or more individuals who participated in the crimes charged in the indictment but who has pleaded guilty and has agreed to testify in this case. The use of evidence obtained from cooperating witnesses is lawful and you may properly consider evidence obtained in this manner. Whether or not any such person is a witness, would that affect your ability to judge this case in a fair and impartial manner?

III.    <u>Experience with the Immigration System</u>

       1.      This case involves individuals who are not United States citizens. Do you have any strong feelings concerning illegal immigration or undocumented workers or non-U.S. citizens, also called "aliens," who are otherwise unlawfully residing in the United States? Is there anything about the nature of these charges, in and of themselves, that would interfere with your ability to fairly decide this case impartially in accordance with the instructions of the Court?

       2.      Have you, or have any of your relatives or close friends, ever applied for a non-immigrant visa to come to the United States? If so, please describe the nature of that experience, and whether you considered it positive or negative.

       3.      Have you or have any of your relatives or close friends worked with, or otherwise participated in, any organization that works on immigration-related issues like asylum or resettlement?

IV.    <u>Legal Principles</u>

       1.      Under the law, the facts are for the jury to determine and the law is for the Court to determine. You are required to accept the law as the Court explains it to you even if you do not like the law or disagree with it, and you must determine the facts according to

those instructions. Would you have any difficulty following the Court's instructions on the law you must apply to determine the facts of this case?

2. It is the law that the testimony of a single witness can be sufficient to convict a defendant of a charged crime, if the jury finds that the testimony of that witness establishes proof beyond a reasonable doubt. Do you have any opinion or belief about that law or beliefs that would prevent you from applying this rule of law?

3. Will you accept the proposition of law that sympathy or empathy must not enter into the deliberations of the jurors as to whether the defendant is guilty, and that only the evidence produced here in Court may be used by you to determine whether the defendant is guilty or not guilty of the crimes charged?

4. It is not a particularly pleasant duty to find another individual guilty of committing a crime. Is there any juror who feels that, even if the evidence established a defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

5. Will you be able to accept the proposition that the question of punishment is for the Court alone to decide and that the possible punishment must not enter into the deliberations of the jurors as to whether a defendant on trial here is guilty?

V. Other Background Questions

1. The government respectfully requests that the Court inquire as to the following:

    a) Other languages spoken or read;

    b) Difficulty reading or understanding English;

6

      c)      Educational background;

      d)      Military background;

      e)      Present employment and job duties;

      f)      Significant past employment;

      g)      General area of residence;

      h)      People who live with juror and his/her/their occupation(s);

      i)      Marital and parental status;

      j)      Whether the juror or any relatives or close friend has ever worked for a criminal defense lawyer or private investigator;

      k)      Whether the juror or any relatives or close friends are judges, law clerks, other types of court personnel, probation officers, or persons connected with any jail or penitentiary, a criminal rehabilitation program such as a halfway house, a parole board, a crime prevention board, including youth programs, or the like; and

      l)      Whether the juror or any family member or close friend was ever involved in a dispute with the federal, state, or local government (e.g., IRS, local authorities).

2.      Where does the prospective juror obtain his or her news?

3.      Who is the person likely known to all of us who you most admire?

4.      What are your hobbies and special interests?

5.      Do you belong or have you belonged to any social clubs, organizations or volunteer groups, including any groups that take positions on social or legal issues?  If yes, have you ever held a position of leadership in any organization or group?

6. Do you have any religious, philosophical, moral or other belief that might make you unable to render either a "guilty" or a "not guilty" verdict?

7. Is there anything that we have not directly addressed that would make it difficult for you to be a fair and impartial juror in this case?

Dated: Brooklyn, New York
May 1, 2023

Respectfully submitted,

BREON PEACE
United States Attorney

By:   /s/
Craig R. Heeren
Meredith A. Arfa
Irisa Chen
Assistant U.S. Attorneys
(718) 254-7000

MATTHEW G. OLSEN
Assistant Attorney General
Department of Justice
National Security Division

By:   /s/
Christine Bonomo
Trial Attorney

cc: Clerk of the Court (PKC) (by ECF)
    Counsel of Record (by ECF)