# Exhibit 6

1039

```
 1
    UNITED STATES DISTRICT COURT
 2  EASTERN DISTRICT OF NEW YORK
    ------------------------------x
 3                                    21-CR-86(PKC)
    UNITED STATES OF AMERICA,
 4                                    United States Courthouse
            Plaintiff,                Brooklyn, New York
 5
            -against-                 April 28, 2021
 6                                    9:00 a.m.
    BRENDAN HUNT,
 7
            Defendant.
 8
    ------------------------------x
 9
                TRANSCRIPT OF CRIMINAL CAUSE FOR TRIAL
10            BEFORE THE HONORABLE PAMELA K. CHEN
                UNITED STATES DISTRICT JUDGE
11                     BEFORE A JURY

12  APPEARANCES

13  For the Government:      UNITED STATES ATTORNEY'S OFFICE
                             Eastern District of New York
14                           271 Cadman Plaza East
                             Brooklyn, New York 11201
15                           BY:  DAVID K. KESSLER, ESQ.
                                  FRANCIS J. NAVARRO, ESQ.
16                                IAN CRAIG RICHARDSON, ESQ.
                             Assistant United States Attorneys
17
    For the Defendant:       FEDERAL DEFENDERS OF NEW YORK
18                           One Pierrepont Plaza
                             Brooklyn, New York 11201
19                           BY:  JAN A. ROSTAL, ESQ.
                                  LETICIA MARIA OLIVERA, ESQ.
20

21
    Court Reporter:          LINDA D. DANELCZYK, RPR, CSR, CCR
22                           Phone:  718-613-2330
                             Fax:    718-804-2712
23                           Email:  LindaDan226@gmail.com

24  Proceedings recorded by mechanical stenography.  Transcript
    produced by computer-aided transcription.
25
```

1
2
3
4
5
6
7
8
9

10          (Jury enters.)

11          THE COURT:  Have a seat, everyone.

12          (Pause.)

13          THE COURT:  Ladies and gentlemen, I am about to read

14   to you the instructions and I am going to press the Government

15   into service to show it to you on the overhead projector as

16   well, so you can follow along reading it.

17          As I mentioned to you earlier, though, you will get

18   a copy of the written instructions for your deliberations.

19   So, you don't have to worry about taking copious notes,

20   because, unless you know shorthand, that would be quite a

21   feat.  Shorthand is one of those things that very few people

22   know.

23          So, again, because my general philosophy about time

24   and your perception of time is that it is always better to

25   know where you're going or your destination so that you can

1   gauge your expectation, the entire set of jury instructions is

2   25 pages.  So, for those of you who be want to keep count as

3   we go, you will know, at least, what the end point is.

4            I cannot read them too fast for the reason that may

5   be obvious to you, because we have a court reporter who,

6   though superb, does need me to go at least at a reasonable

7   pace so that she can transcribe everything.

8            I will go ahead and start even while they're setting

9   up the overhead.  I am going to dim the lights, but everybody

10  stay awake here.  Pay attention, please.

11           Okay, now I know for you folks in the back this is

12  going to be really difficult, so you may have to focus more on

13  what I say.

14           Make it a little bit larger, can we do that.

15           THE COURTROOM DEPUTY:   A little what?

16           THE COURT:  A little larger.  Then someone will have

17  to be in charge of moving the pages as we go along.

18           All right, ladies and gentlemen of the jury, now

19  that you have heard all the evidence in the case, as well as

20  the arguments of the lawyers, it is my duty to give you

21  instructions as to the law applicable in this case.  We are

22  all grateful to you for the close attention you have given

23  this case thus far.  I ask that you continue to do so as I

24  give you these instructions.

25           As you know, Defendant Brendan Hunt is charged with

JURY CHARGE                                        1106

1    one count of threatening to assault or murder a United States

2    official, with intent to impede, intimidate, or interfere with

3    such official while engaged in the performance of official

4    duties, or with intent to retaliate against such official on

5    account of the performance of official duties.  Defendant has

6    pled not guilty to this charge.

7              My instructions will be in three parts:

8              First, I will instruct you regarding the general

9    rules that define and govern the duties of a jury in a

10   criminal case such as this;.

11             Second, I will instruct you as to the particular

12   crimes charged in this case and the specific elements that the

13   Government must prove with respect to each crime.

14             And actually, that should be modified.

15             I will instruct you as to the particular crime

16   charged in case and the specific elements that the Government

17   must prove with respect to that crime.

18             And third, I will give you some general rules

19   regarding your deliberations.

20             First:  General instructions:  Role of the Court and

21   jury.

22             Let me start by restating our respective roles as

23   judge and jury.

24             Your duty, as I mentioned in my opening

25   instructions, is to find the facts from all of the evidence in

JURY CHARGE                                              1107

1   this case.  You are the sole judges of the facts, and it is

2   for you and you alone to determine what weight to give the

3   evidence, to resolve such conflicts as may have appeared in

4   the evidence, and to draw such inferences as you deem to be

5   reasonable and warranted from the evidence.

6          My job is to instruct you on the law.  You must

7   apply the law, in accordance with my instructions, to the

8   facts as you find them.  I remind you of your sworn obligation

9   to follow the law as I describe it to you, whether you agree

10  with it or not.  You should not be concerned about the wisdom

11  of any rule of law that I state.  Regardless of any opinion

12  you may have about what the law may be -- or should be -- it

13  would be a violation of your oaths as jurors to base your

14  verdict upon any other view of the law than the one given to

15  you in these instructions.

16         If any of the lawyers have stated a legal principle

17  that differs from any that I state to you in my instruction,

18  you must be guided solely by what I instruct you about the

19  law.  You should not single out any one instruction as alone

20  stating the law, but should consider my instructions as a

21  whole.

22         Since it is your job -- not mine -- to find the

23  facts, I have neither expressed nor attempted to intimate an

24  opinion about how you should decide the facts of this case.

25  You should not consider anything I have said or done in the

1    course of the trial, including these instructions, as

2    expressing any opinion about the facts or the merits of the

3    case.  This includes sustaining or overruling objections.  For

4    example, on occasion, I may have asked questions of a witness.

5    You should attach no special significance to these questions

6    simply because they were asked by me.

7            A.   Function of the indictment and what is not in

8    evidence.

9            Defendant, Mr. Hunt, has been charged in an

10   indictment with violating federal law.  The indictment is

11   merely a statement of the charge against the defendant.  The

12   indictment is not itself evidence nor does it create an

13   inference of guilt.  As previously stated, Defendant has

14   entered a plea of not guilty to the charge against him in the

15   indictment.

16           B.   The definition of evidence and meaning of

17   objections.

18           You must determine the facts in this case based

19   solely on the evidence presented, or those inferences which

20   can reasonably be drawn from the evidence presented.  Evidence

21   has been presented to you in the form of sworn testimony from

22   the witnesses and documentary exhibits, including video and

23   photographs, that have been received in evidence by me.  As I

24   will also instruct you, certain evidence is admissible only

25   for a limited purpose.

JURY CHARGE                                    1109

1          There are rules of evidence that control what can be

2    received into evidence.  When a lawyer asks a question or

3    offers an exhibit into evidence, and a lawyer on the other

4    side thinks that it is not permitted by the rules of evidence,

5    that lawyer may object.  This simply means that the lawyer is

6    requesting that I make a decision on a particular rule of

7    evidence.  Lawyers have a duty to their client to object when

8    they believe something is improper under the rules of

9    evidence.  You should not be influenced by the objection.  If

10   I sustain an objection, you must ignore the question or

11   exhibit and must not try to guess what the answer might have

12   been or the exhibit might have contained.  If I overrule the

13   objection, the evidence will be admitted, but do not give it

14   special attention because of the objection.

15         Now, certain things are not evidence:  The

16   indictment; arguments, statements or summations by the

17   lawyers; objections to the questions or to the offered

18   exhibits; and any testimony that has been excluded, stricken,

19   or that you have been instructed to disregard.

20         C.  Direct and circumstantial evidence.

21         As I mentioned in my opening instructions, there

22   are, generally speaking, two types of evidence:  Direct and

23   circumstantial.  You may use both types of evidence in

24   reaching your verdict in this case.  There is no distinction

25   between the weight to be given to these two types of evidence.

              SAM      OCR     RMR     CRR     RPR

JURY CHARGE                                                  1110

1    You must base your verdict on a reasonable assessment of all

2    of the evidence in the case.

3            Direct evidence is testimony from a witness about

4    something he or she knows by virtue of his or her own

5    senses -- something he or she has seen, felt, touched, tasted

6    or heard.

7            The other type of evidence -- circumstantial

8    evidence -- is proof of a chain of circumstances that point to

9    the existence or nonexistence of certain facts.  A simple

10   example of circumstantial evidence is as follows:  Suppose you

11   came to court on a day when the weather was clear, sunny and

12   dry.  Like today.  However, after several hours in the

13   courtroom where there are no windows -- again, that applies

14   here -- you observe a person come in wearing a wet raincoat

15   and another person shaking a wet umbrella.  Without you ever

16   looking outside, you would not have direct evidence that it

17   rained, but you might infer from these circumstances that

18   while you were sitting in court, it rained outdoors.

19           That is all there is to circumstantial evidence.  On

20   the basis of reason, experience, and common sense, you infer

21   the existence or nonexistence of a fact from one or more

22   established facts.

23           You are permitted to draw, from the facts you find

24   to have been proved, such reasonable inferences as would be

25   justified in light of your experience.  Inferences are

        SAM        OCR        RMR        CRR        RPR

JURY CHARGE                                    1111

1    deductions or conclusions that reason and common sense lead

2    you, the jury, to draw from the facts that have been

3    established by the evidence in the case.  Use your common

4    sense in drawing inferences; however, you are not permitted to

5    engage in mere guesswork or speculation.

6         There are times when differing inferences may be

7    drawn from facts, whether proved by direct or circumstantial

8    evidence.  Perhaps, the Government asks you to draw one and

9    Defendant asks you to draw another.  It is for you, and you

10   alone, to decide what inferences you will draw.  No

11   significance should be passed to the fact that a document or

12   other exhibit or witness testimony was introduced by one party

13   rather than by the other.  Any party is entitled to the

14   benefit of any evidence tending to establish its contentions,

15   even though such evidence may have come from witnesses or

16   documents introduced by another party.

17        D.  Witness credibility.

18        In deciding what the facts are in this case, you

19   must consider all of the evidence that has been offered.  In

20   doing this, you must decide which testimony to believe and

21   which testimony not to believe.  You are the sole judges of

22   credibility of the witnesses and the weight their testimony

23   deserves.  Your determination of the issue of credibility very

24   largely must depend upon the impression that a witness made

25   upon you as to whether or not that witness was telling the

1   truth or giving you an accurate version of what occurred.  You

2   may choose to disbelieve all or part of any witness's

3   testimony.  In deciding whether and to what extent to believe

4   a witness's testimony, you may take into account any number of

5   factors, including the following:

6          The witness's opportunity to see, hear and know

7   about the events he or she described;.

8          The witness's ability to recall and describe those

9   things;.

10          The witness's manner in testifying -- was the

11   witness candid and forthright or did the witness seem as if he

12   or she was hiding something, being evasive, or suspect in some

13   way;.

14          How the witness's testimony on direct examination

15   compared with how the witness testified on cross-examination;.

16          The reasonableness of the witness's testimony in

17   light of all the other evidence in the case;.

18          Whether the witness had any possible bias, any

19   relationship to a party, any motive to testify falsely, or any

20   possible interest in the outcome of the trial; and.

21          Whether the witness's testimony was contradicted by

22   his or her other testimony, by what that witness said or did

23   on a prior occasion, by the testimony of other witnesses, or

24   by other evidence.

25          Inconsistencies or discrepancies in the testimony of

JURY CHARGE                                          1113

1   a witness, or between the testimony of different witnesses,

2   may or may not cause you to discredit such testimony.  In

3   weighing the effects of a discrepancy, you should consider

4   whether it pertains to a matter of importance or an

5   unimportant detail, and whether the discrepancy results from

6   an innocent error or intentional falsehood.

7          If you find that any statement by a witness on the

8   stand is false, in whole or in part, you may disregard the

9   particular part you find to be false or you may disregard his

10  or her entire testimony as not worthy of belief.

11         E.  Testimony of Defendant.

12         The defendant in a criminal case never has any duty

13  to testify or come forward with any evidence.  This is

14  because, as I have told you, the burden of proof beyond a

15  reasonable doubt remains on the Government at all times, and

16  the defendant is presumed innocent.

17         In this case, Defendant did testify and he was

18  subject to cross-examination like any other witness.  You

19  should examine and evaluate the testimony just as you would

20  the testimony of any other witness.

21         F.  Testimony of law enforcement officers.

22         During the trial, you heard testimony from law

23  enforcement officers.  The fact that a witness is or was

24  employed as a law enforcement official does not mean that his

25  or her testimony is deserving of more or less consideration or

JURY CHARGE                                              1114

1    greater or lesser weight than that of an ordinary witness.  It

2    is for you to decide, after weighing all the evidence and in

3    light of the instructions I have given you about the factors

4    relevant to determining the credibility of any witness,

5    whether to accept the testimony of a law enforcement witness,

6    and what weight, if any, that testimony deserves.

7                 G.  Testimony of expert witnesses.

8                 Ordinarily, witnesses are restricted to testifying

9    concerning matters of fact.  In this case, I have permitted a

10   certain witness, who we refer to as an expert witness, to

11   express his opinion about matters -- oh, to express their

12   opinions -- there was more than one actually -- to express

13   their opinions about matters that are at issue.  An expert

14   witness may be permitted to testify to an opinion on those

15   matters about which he or she has special knowledge, skill,

16   experience, and training.  Such testimony is presented to you

17   on the theory that someone who is experienced and

18   knowledgeable in the field can assist you in understanding the

19   evidence or in reaching an independent decision on the facts.

20                In weighing this opinion testimony, you may consider

21   the witness's qualifications, his or her opinions, the reasons

22   for testifying, as well as all of the other considerations

23   that ordinarily apply when you are deciding whether or not to

24   believe a witness's testimony.  You may give the opinion

25   testimony whatever weight, if any, you find it deserves in

1  light of all of the evidence in this case.  You should not,

2  however, accept opinion testimony merely because I allowed the

3  witness to testify concerning his or her opinion.  Nor should

4  you substitute it for your own reason, judgment, and common

5  sense.  The determination of the facts in this case rests

6  solely with you.

7          In sum, an expert witness is in all other respects

8  the same as any other witness.  You should consider his or her

9  qualifications, his or her experience, his or her interest in

10  the outcome of the case, if any, his or her demeanor, and all

11  the other factors you have been instructed to consider in

12  assessing the credibility of other witnesses.

13          H.  Witness interviews.

14          There was testimony at trial that the attorneys for

15  the parties interviewed witnesses when preparing for and

16  during the course of the trial.  There is nothing

17  inappropriate about such meetings.  Attorneys have an

18  obligation to prepare their case as thoroughly as possible

19  and, in the discharge of that responsibility, to interview

20  witnesses.  However, you may consider the frequency and

21  duration of these preparation sessions, and the impact they

22  may have had on the witness's testimony, in evaluating the

23  credibility of the witness.

24          I.  No duty to call witnesses, to produce evidence,

25  or to use particular investigative techniques.

JURY CHARGE                                              1116

1       Although the Government bears the burden of proof

2   beyond a reasonable doubt, and although a reasonable doubt can

3   arise from lack of evidence, you are instructed that there is

4   no legal requirement that the Government use any specific

5   investigative techniques, pursue any investigative lead to

6   prove its case, or disclose an ongoing investigation to the

7   public or to victims.  The Government, its agents, and

8   employees are not on trial.  Therefore, although you are to

9   carefully consider the evidence adduced by the Government, you

10  are not to speculate as to why they used the techniques they

11  did or why they did not use other techniques.  Additionally,

12  the law does not require that all things mentioned during the

13  course of the trial be produced as exhibits.  Your concern is

14  to determine whether or not, on the evidence or lack of

15  evidence, Defendant's guilt has been proved beyond a

16  reasonable doubt.

17      In this regard, I also charge you that all persons

18  who may have been present at any time or place mentioned in

19  the case, or who may appear to have some knowledge of the

20  issues in this case, need not be called as witnesses.  Both

21  the Government and the defense have the same right to subpoena

22  witnesses to testify on their behalf.  There is no duty on

23  either side, however, to call a witness whose testimony would

24  be merely cumulative of testimony already in evidence, or who

25  would merely provide additional testimony to facts already in

JURY CHARGE                                    1117

1    evidence.  I remind you, however, that because the law

2    presumes that Defendant is innocent, the burden of proving his

3    guilt beyond a reasonable doubt is on the Government

4    throughout the trial.  Defendant does not have the burden of

5    proving his innocence or of producing any evidence or calling

6    any witnesses at all.

7              J.  Prior inconsistent statements.

8              You may have heard evidence that a witness or

9    witnesses made a statement on an earlier occasion that counsel

10   argues is inconsistent with the witness's trial testimony.

11   You may consider such evidence of the prior inconsistent

12   statement only for the limited purpose of helping you to

13   decide whether to believe the trial testimony of the witness

14   who is claimed to have contradicted himself or herself.  If

15   you find that the witness made an earlier statement that

16   conflicts with his or her trial testimony, you may consider

17   that fact in deciding how much of his or her trial testimony,

18   if any, to believe.

19             In making this determination, you may consider

20   whether the witness purposely made a false statement or

21   whether it was an innocent mistake; whether the inconsistency

22   concerns an important fact or whether it had to do with a

23   small detail; whether the witness had an explanation for the

24   inconsistency and whether that explanation appealed to your

25   common sense.

JURY CHARGE                                    1118

1          It is exclusively your duty, based upon all of the

2    evidence and your own good judgment, to determine whether the

3    prior statement was inconsistent, and if so, how much weight,

4    if any, to give the inconsistency in determining whether to

5    believe all or part of the witness's testimony.

6          K.  Stipulations of fact.

7          A stipulation is an agreement among the parties that

8    a certain fact is true.  The attorneys for the United States

9    and the attorneys for Defendant have entered into stipulations

10   concerning facts that are relevant to this case.

11         When the attorneys on both sides stipulate and agree

12   as to the existence of a fact, you must accept the stipulation

13   as evidence, and regard that fact as proved.

14         L.  Uncharged acts considered for a limited purpose.

15         Defendant is charged with making four statements

16   that the Government claims are "true threats" under the law.

17   I admitted evidence of other statements, expressions, beliefs,

18   opinions, acts, or communications, allegedly made by

19   Defendant, for the limited purpose of determining whether

20   Defendant acted with the required intent in regard to the

21   charged offense.  You may consider evidence of uncharged acts

22   or statements, expressions, beliefs, opinions, acts, or

23   communications, as evidence of Defendant's motive, knowledge,

24   absence of mistake, or lack of accident with respect to the

25   four charged threats.  Evidence of uncharged conduct by

JURY CHARGE                                                      1119

1    Defendant may not be considered by you for any purpose other

2    than the ones I have just listed.  Specifically, you may not

3    consider this evidence as proof that Defendant has a criminal

4    propensity; that is, that he likely committed the crime

5    charged in the indictment because he was predisposed to

6    criminal conduct.  You also may not substitute uncharged

7    statements, expressions, beliefs, opinions, acts, or

8    communications for the four statements that the Government

9    alleges are the threats.

10              M.  Consideration of political views.

11              You have just heard testimony and actually received

12   some exhibits related to what might be considered Defendant's

13   political views.  You must treat this evidence with caution.

14   This evidence alone cannot be used to find Defendant guilty of

15   any of the offenses charged in the indictment.  I should say,

16   guilty of the offense charged in the indictment.  It may,

17   however, be considered by you for limited purposes, such as

18   considering the context in which statements attributed to

19   Defendant were made, what Defendant's intent was in making the

20   statement, and his expectation regarding the effects of his

21   statement.  You cannot find Defendant guilty because you

22   disagree with or find distasteful his political views.

23              N.  Other persons not on trial.

24              During this trial, you have heard evidence about the

25   involvement of other persons in the events related to this

JURY CHARGE                                                          1120

1   case.  That these individuals are not on trial before you is

2   not your concern.  Your concern is solely the defendant on

3   trial before you.

4              O.  No sympathy, fear, prejudice or bias.

5              In reaching your verdict, you are to be guided

6   solely by the evidence in this case, and not be swayed by

7   sympathy, fear, prejudice, or bias for one side or the other.

8   The crucial question you must ask yourselves as you sift

9   through the evidence is:  Has the Government proven the guilt

10  of Defendant beyond a reasonable doubt?

11             It is for you alone to decide whether the Government

12  has met that burden as to each element of the crime charged,

13  solely on the basis of the evidence before you and the law as

14  I charge you.  If you should find that the Government has met

15  its burden of proving Defendant's guilt beyond a reasonable

16  doubt, you may render a verdict of guilty without concern for

17  sympathy or any other reason.  On the other hand, if you have

18  a reasonable doubt as to Defendant's guilt, you should not

19  hesitate because of sympathy, fear, prejudice, or bias for or

20  against anyone to find him not guilty.

21             P.  Equality of the Government and the Defense

22  before the Court.

23             The fact that this prosecution is brought in the

24  name of the United States of America entitles the Government

25  to no greater consideration than that accorded to any other

SAM       OCR       RMR       CRR       RPR

1    party to a litigation.  By the same token, the Government is

2    also entitled to no less consideration.  All parties, whether

3    the Government or individuals, are equal before the law.

4              Q.  Punishment.

5              The question of possible punishment of a defendant

6    is of no concern to the jury and should not, in any sense,

7    enter into or influence your deliberations.  The duty of

8    imposing a sentence on a particular defendant in the event of

9    a conviction rests exclusively upon the Court.  Your function

10   is to weigh the evidence in the case and to determine whether

11   or not Defendant is guilty beyond a reasonable doubt, solely

12   upon the basis of such evidence.  Under your oath as jurors,

13   you cannot allow consideration of the punishment that may be

14   imposed upon Defendant, if he is convicted, to influence your

15   verdict in any way, or to enter into your deliberations in any

16   sense.

17             R.  Presumption of innocence, burden of proof.

18             I will now give specific instructions regarding the

19   presumption of innocence and the burden of proof in this case.

20             Defendant is before you today because he has been

21   charged in an indictment with violating federal law.  The

22   indictment is merely a statement of the charge and is not

23   itself evidence.  I assume by now you know that because I've

24   repeated it several times.  Defendant is, therefore, presumed

25   to be innocent of the charge against him, and that presumption

1    alone, unless overcome, is sufficient to acquit him.

2            To convict Defendant, the burden is on the

3    Government to prove Defendant's guilt as to each element of

4    the charge beyond a reasonable doubt.  The law never imposes

5    upon a defendant in a criminal case the burden or duty of

6    calling any witness or producing any evidence.  The legal

7    presumption of innocence remains in force until such time, if

8    ever, that you as a jury are satisfied that the Government has

9    proven the guilt of Defendant as to each element of the crime

10   charged beyond a reasonable doubt.  Your task in deliberations

11   is not to decide between guilt and innocence; it is to decide

12   between guilty and not guilty based on the evidence or lack of

13   evidence.

14            S.  Reasonable doubt.

15            You may be wondering what constitutes a "reasonable

16   doubt."  It is doubt based upon reason and common sense.  It

17   is a doubt that a reasonable person has after carefully

18   weighing all of the evidence or lack of evidence.  Proof

19   beyond a reasonable doubt must, therefore, be proof that is so

20   convincing that a reasonable person, based on that proof,

21   would not hesitate to draw the conclusion offered by the

22   Government.

23            A reasonable doubt is not caprice or whim.  It is

24   not speculation or suspicion.  It is not an excuse to avoid

25   the performance of an unpleasant duty.  And it is not

1    sympathy.  The law does not require that the Government prove

2    guilt beyond all possible doubt: proof beyond a reasonable

3    doubt is sufficient to convict.

4         If, after fair and impartial consideration of all

5    the evidence, you are satisfied beyond a reasonable doubt of

6    Defendant's guilt, you should find Defendant guilty of the

7    charge.  On the other hand, if after fair and impartial

8    consideration of the evidence or lack of evidence concerning

9    the charge, you have a reasonable doubt as to Defendant's

10   guilt, you must find Defendant not guilty of the charge.

11        Okay, now we are going to the substantive law, and

12   for you page counters, we are at page 13.  So we are a little

13   bit more than halfway done.

14        I will now turn to the second part of this charge

15   and instruct you as to the legal elements of the criminal

16   count the Government has alleged.

17        Defendant is formally charged in an indictment.  As

18   I instructed you at the outset of this case, an indictment is

19   a charge or accusation; it is not evidence.  The indictment in

20   this case contains one count upon which you will be asked to

21   render a verdict.  I will describe that count in greater

22   detail in a moment.

23        A.  Venue.

24        Venue refers to the location of the charged crime.

25   You must consider whether any act in furtherance of the crime

JURY CHARGE                                              1124

1    occurred within the Eastern District of New York.  I instruct

2    you that the Eastern District of New York encompasses

3    Brooklyn, Queens, and Staten Island in New York City, and

4    Nassau and Suffolk Counties on Long Island.  The Government

5    must prove by a preponderance of the evidence that the crime

6    was committed in the Eastern District of New York.

7              While the Government's burden as to everything else

8    in the case is proof beyond a reasonable doubt, a standard

9    that I have already explained to you, venue need be proved

10   only by the lesser standard of "preponderance of the

11   evidence."  To prove something by a preponderance of the

12   evidence means simply to prove that the fact is more likely

13   true than not true.  It is determined by considering all of

14   the evidence and deciding which evidence is more convincing.

15   If the evidence appears to be equally balanced, or if you

16   cannot say upon which side it weighs heavier, you must resolve

17   this question against the Government.

18             I emphasize that this lesser standard applies only

19   where I specifically mention it in this charge.

20             B.  Dates approximate.

21             The indictment charges "in or about" and "on or

22   about" and "between" certain dates.  The proof need not

23   establish with certainty the exact date of an alleged offense.

24   It is sufficient if the evidence establishes beyond a

25   reasonable doubt that an offense was committed on a date

JURY CHARGE                                                1125

1    reasonably near the dates alleged.

2            C.   Intentional conduct.

3            The Government must prove that Defendant acted

4    intentionally when he made the alleged threats.  As a general

5    rule, the law holds individuals accountable only for conduct

6    in which they intentionally engage.

7            Before you find that Defendant acted intentionally,

8    you must be satisfied beyond a reasonable doubt that he acted

9    deliberately and purposefully; that is, Defendant's acts must

10   have been the product of his conscious objective rather than

11   the product of a mistake or accident.

12           (Continued on the following page.)

13

14

15

16

17

18

19

20

21

22

23

24

25

JURY CHARGE                                          1126

1          THE COURT:  (Cont'g.)  The issue of intent requires

2     you to make a determination about a defendant's state of mind,

3     something that rarely can be proved directly.  A wise and

4     careful consideration of all the circumstances before you,

5     however, may permit you to make a determination as to a

6     defendant's state of mind.  Indeed, in your everyday affairs,

7     you are frequently called upon to determine a person's state

8     of mind from his or her words and actions in given

9     circumstances.  You are asked to do the same here.

10          It is sufficient that a defendant intentionally

11    engaged in conduct that the law forbids.  The government is

12    not required to prove that defendant is aware of the law that

13    actually forbids his conduct.

14          D.  The indictment.

15          The indictment charges defendant with threatening to

16    assault or murder Members of the United States Congress.  The

17    indictment is not evidence.  It is a charge or accusation.

18    The charge in the indictment reads as follows:

19          On or about and between December 6, 2020 and

20    January 8, 2021, both dates being approximate and inclusive,

21    within the Eastern District of New York and elsewhere, the

22    defendant Brendan Hunt, also known as "X-Ray Ultra," did

23    knowingly and intentionally threaten to assault and murder a

24    United States official, with intent to impede, intimidate, and

25    interfere with such official while engaged in the performance

JURY CHARGE                                              1127

1    of official duties, and with intent to retaliate against such

2    official on account of the performance of official duties to

3    wit: Hunt threatened to assault and murder Members of the

4    United States Congress.

5           The statute relevant to that charge is

6    Section 115(a)(1)(B) of Title 18 of United States Code -- I'm

7    sorry, it should say of the Title 18 of the United States Code

8    which states:

9           Whoever threatens to assault, kill or murder a

10   United States official with intent to impede, intimidate, or

11   interfere with such official, while engaged in the performance

12   of official duties or with intent to retaliate against such

13   official on account of the performance of official duties,

14   shall be guilty of a crime.

15          E.  Use of the conjunctive in the indictment.

16          Although the indictment charges that defendant made

17   threats to assault and murder a United States official with

18   intend to impede, intimidate, and interfere with such

19   official, while engaged in the performance of their official

20   duties, and with intent to retaliate against such official on

21   account of the performance of their official duties, as I just

22   explained, the statute at issue states that a person is guilty

23   of a crime when he or she make threats to assault or murder a

24   United States official with intent to impede, intimidate, or

25   interfere with such official while they are engaged in the

JURY CHARGE                                          1128

1    performance of their official duties, or with intent to

2    retaliate against such official on account of their

3    performance of their official duties.

4              Where a statute specifics in the disjunctive the

5    multiple alternative ways in which an offense may be created,

6    that is, by using the word "or," the government need prove

7    only one of those activities, even if the indictment alleges

8    the multiple ways in which the offense may have been committed

9    in the conjunctive, that is, by using the word "and."  In

10   other words, because the statute provides multiple alternative

11   ways in which the offense may be committed, the government is

12   required to prove only one of those ways, that is, that

13   defendant may be alleged threats to assault or murder with the

14   intent to impede or intimidate or interfere with or retaliate

15   against -- I know some of us are having flashbacks to English

16   class.  Okay.  The difference between disjunctive and

17   conjunctive now having been explained to you.

18              F.  The elements of the offense.

19              To prove a violation of the crime charged in the

20   indictment, the government must establish each of the

21   following elements beyond a reasonable doubt:

22              First, that defendant threatened to assault or

23   murder a person.

24              Second, that at the time of the alleged threat, the

25   threatened person was a federal official.

1          Third, that defendant acted with the intent to

2    impede, intimidate, or interfere with that official while they

3    were engaged in the performance of their official duties or

4    with the intent to retaliate against that official on account

5    of the performance of their official duties.

6          First element:  Threatening to assault or murder.

7          The first element that the government must prove

8    beyond a reasonable doubt is that defendant made a threat to

9    assault or murder.  As this is a case involving speech, I

10   advise you that the First Amendment protects vehement scathing

11   and offensive criticism of public officials, included Members

12   of Congress.  The First Amendment therefore protects political

13   exaggeration or expressions of the opinion.  Further, the

14   First Amendment protects mere advocacy of the use of force or

15   violence.  But the First Amendments does not protect "true

16   threats" as I will now define the phrase.

17         For a statement to be a true threat, it must been

18   made under such circumstances that an ordinary, reasonable

19   person who heard or read the statement, and who is familiar

20   with the context of the statement, would understand it as a

21   serious expression of an intent to inflict bodily injury.

22   This question is informed by whether the statement is, on its

23   face and under the circumstances, so unequivocal,

24   unconditional, immediate and specific as to the person

25   threatened as to convey seriousness and imminence.  But

JURY CHARGE                                              1130

1  depending on the circumstances, even if conditional and

2  implicit statement can be threat.  And an example of such a

3  statement is "your money or your life," which although

4  conditional and not containing explicitly threatening

5  language, could nonetheless constitute a threat.

6          As noted, you heard testimony from individuals

7  including law enforcements who viewed defendant's alleged

8  threats.  Although that testimony may inform your view of the

9  context in which a particular statement was made, it is

10 ultimately for you to – and not any witness, law enforcement

11 or otherwise – to determine whether an ordinary, reasonable

12 recipient who's familiar with the context of the statement

13 would interpret it as a threat of bodily injury.

14         The government does not need to prove that the

15 defendant attempted to carry out the alleged threat or

16 threats, or even that he intended to carry them out or had the

17 ability to do so.  The government also does not need to prove

18 that defendant personally intended to take violent action

19 against the officials.

20         But evidence, or lack of evidence, that defendant

21 made plans, efforts, or had the means and know-how to follow

22 through on the alleged threats, may inform your view of the

23 circumstances in which he made the statements and the effect

24 he intended the statement themselves to have.

25         Defendant has been charged with one count of

JURY CHARGE                                          1131

1    threatening to assault or kill Members of Congress.  There

2    have been evidence of more than one act or incident upon which

3    a conviction of this count may be based.  The government

4    alleges at that defendant made four different threats...

5            First, a December 6, 2020 comment from his Facebook

6    account stating:

7            Trump, we want actual revenge on democrats.

8    Meaning, we want you to hold a pubic execution of Pelosi, AOC

9    Schumer et cetera.  And if you don't do it, the citizenry

10   will.  We're not voting in another rigged election.  Start up

11   the firing squads, mow down the commies -- mow down these

12   commies and let's talk America back!

13           Second, a December 62020 comment from his Facebook

14   account stating:  And pardon my language.

15           Fuck the lockdown PO-LICE!  Yeah, booiii spelled

16   B-O-O-I-I-I run those bigs over!  Anyone enforcing this

17   lockdown mask vaccine bullshit deserves nothing less than a

18   bullet their fucking head!  Including cops!  If you're going

19   to shoot someone tho, spelled T-H-O, go after a high value

20   target like Pelosi, Schumer or AOC.  They really need to be

21   put down.  These commies will see death before they see us

22   surrender!  And then U.S.A., all capital, two!!

23           Third, a video posted on BitChute on January 8,

24   2021, entitled "Kill Your Senators" with the summary

25   "Slaughter Them All," wherein defendant stated, among other

JURY CHARGE                                              1132

1    things:

2              We need to go back to the U.S. Capitol when all the

3    senators and a lot of the representatives are back there, and

4    this time we have to show up with our guns.  And we need to

5    slaughter these motherfuckers...  Our government at this point

6    is basically a handful of traitors...  So what you need to do

7    is take up arms, get to DC, probably the inauguration...

8    So-called inauguration of this motherfucking communist Joe

9    Biden...  That's probably the best time to do this, get your

10   guns, show up to DC, and literally just spray these

11   motherfuckers...  Like, that's the only option...  They're

12   gonna come after us, they're gonna kill us, so we have to kill

13   them first...  So get your guns, show up to DC, put some

14   bullets in their fucking heads.  If anybody has a gun, give me

15   it, I'll go there myself and shoot them and kill them...  We

16   have to take out these senators and then replace them with

17   actual patriots...  This is a ZOG, capital Z, capital O,

18   capital G, government...  That's basically all I have to say,

19   but take up arms against them.

20             Fourth, a January 8th, 2021 response to two messages

21   on the social media website Parler:  "Exactly, enough with the

22   'trust the plan,' bullshit.  Let's go, J-A-N, Jan 20, bring

23   your guns #millionmilitiamarch."

24             To return a guilty verdict on this count, you must

25   be unanimous as to at least one specific threat that you find

1    the government has proved beyond a reasonable doubt.

2            As the parties reminded you during their summations,

3    you must follow my instructions on the law and disregard any

4    explanation by the lawyers about the law that differ from my

5    instructions.  In case either party's closing statement caused

6    any confusion on this issue, I want to reiterate that the

7    government has proven its case if you find the evidence meets

8    all the required elements of the crime as to any one of the

9    defendant's four alleged threats, even if you find that it is

10   does not meet the element as to any other of the alleged

11   threats.

12           Second element:  Victim was a federal official.

13           The second element that the government must prove

14   beyond a reasonable doubt is that at the time of the alleged

15   threat, the alleged victim was a federal official.

16           Federal officials included Members of Congress.  You

17   must determine whether a person defendant allegedly threatened

18   held that title at the time in question.

19           But the government does not have to prove the

20   defendant knew that the alleged victim was a federal official.

21   The crime of threatening a federal official is designed to

22   protect federal officials acting in pursuit of their official

23   function and, therefore, it is sufficient at the time of the

24   alleged -- I'm sorry -- it is sufficient to satisfy this

25   element for the government to prove that the victim was a

1    federal official at the time of the alleged threat.  Whether

2    the defendant knew that the victim was a federal official at

3    the time is irrelevant to such a determination and should not

4    be considered by you.

5              Third element:  Intent.

6              The government must prove beyond a reasonable doubt

7    that defendant acted with the intent to impede, intimidate, or

8    interfere with the officials while they were engaged in the

9    performance of their official duties, or with the intent to

10   retaliate against the officials on account of the performance

11   of their official duties.

12             "Impede" means to stop the progress, obstruct or

13   hinder.

14             "Intimidate" means to make timid or fearful, to

15   inspire or affect with fear, to frighten, to deter or to

16   overawe.

17             To "interfere with" means to come into collision

18   with, to intermeddle, to hinder, to interpose, or to

19   intervene.

20             To "retaliate against" means to return like for

21   like, or to act in reprisal for some past act.

22             Direct proof of a defendant's intent is almost never

23   available.  It would be a rare case where it could be shown

24   that a person wrote or stated that as of a given time, he or

25   she committed an act with a particular intent.  Such direct

1    proof is not required.  The ultimate fact of intent, though,

2    subjective -- sorry, the ultimate fact of intent, though

3    subjective, may be established by circumstantial evidence

4    based upon the defendant's outward manifestation, his or her

5    words, conduct, acts, and all of the surrounding circumstances

6    disclosed by the evidence and the rational or logical

7    inferences may be drawn from them.

8            You may consider, for example, whether there's

9    evidence that defendant intended or did not intend any of his

10   statements to reach the officials in question.  The

11   government, however, does not need to prove that the alleged

12   threats actually reached those officials.

13           Intoxication.

14           There has been evidence that Mr. Hunt may have been

15   intoxicated, whether by alcohol and/or marijuana, at the time

16   he made and/or posted the statements at issue.  Intoxication

17   in itself is not a legal defense to a criminal charge.

18   However, you may consider whether Mr. Hunt was intoxicated at

19   the time he made and/or posted any of the statements in

20   determining whether he had the required "intent to impede,

21   intimidate, or interfere with a United States official engaged

22   in the performance of official duties" or "intent to retaliate

23   against such official on account of the performance of

24   official duties."

25           And, folks, we are on page 22.  So we are in the

1   home stretch.

2          Closing instructions.

3          I have now outlined you for you rules of law

4   applicable to this case.  The process by which you weigh the

5   evidence and determine the facts and the legal elements that

6   must be proved beyond a reasonable doubt.  In a few minutes

7   you will retire to the jury room for your deliberations.  I

8   will now give you some general rules regarding your

9   deliberations.  Keep in mind that nothing I have said in these

10  instructions is intended to suggest to you in any way what I

11  think your verdict should be.  That is entirely for you to

12  decide.

13         By way of reminder, I charge you once again that it

14  is your responsibility to judge the facts in this case from

15  the evidence presented during the trial, and to apply the law

16  as I have given it to you, and your verdict must be based

17  solely on this evidence and law, not on anything else.

18         Foreperson.

19         For your deliberations to proceed in an orderly

20  fashion, you must have a foreperson.  The custom in this court

21  is for Juror Number 1 to act as the foreperson.  However, if

22  when you begin your deliberations you decide that you want to

23  select another foreperson, you are entitled to do so.  The

24  foreperson will be responsible for signing all communications

25  to the Court and for handing them to the deputy marshal during

JURY CHARGE                                            1137

1   your deliberations, but, of course, his or her vote is

2   entitled to no greater weight than that of any other jury.

3          Communication with the Court.

4          It is very important that you not communicate with

5   anyone outside the jury room about your deliberations or about

6   anything touching on this case.  There is only one exception

7   to this rule.  If it becomes necessary during your

8   deliberations to communicate with me, you may send a note

9   through the deputy marshal, signed by your foreperson.  No

10  member of the jury should attempt to communicate with me

11  except by a signed writing, and I will never communicate with

12  any member of the jury on any subject touching upon the merits

13  of the case, other than in writing or orally here in open

14  court.

15         Your recollection governs/requests for trial

16  testimony.

17         Your recollection governs.  Nobody else's.  If in

18  the course of your deliberation your recollection of any part

19  of the testimony should fail, or you should find yourself in

20  doubt concerning my instructions to you on the law, you may

21  request that a witness' or witnesses' testimony, or portions

22  thereof be sent back to you in the jury room.  Again, you may

23  make such a request by a note to the deputy marshal.  I

24  suggest, however, that you be specific to avoid receiving

25  testimony that you do not want or need.  Describe as best and

1    precisely as you can what you want to hear and be patient

2    because it sometimes takes a while to find the testimony in

3    the record.

4             To the extent possible, the exhibits that were

5    admitted as evidence during the trial will be sent back for

6    your deliberations.  However, some exhibits, such as audio

7    recordings or documents maintained only in electronic format,

8    cannot be sent back with you.  However, you can request to

9    have that evidence played or presented to you in the

10   courtroom.  Or alternatively -- and I'm going to the

11   instruction -- we have arranged for a laptop, a clean laptop,

12   to be sent back with you to the jury room.

13            So if there is electronic evidence or video or audio

14   that you would like to have -- exhibits that you would like to

15   have sent back to you, you can simply request those.

16            Deliberations and unanimous verdict.

17            Your duty is to reach a fair conclusion from the law

18   as I have given it to you and the evidence that has been

19   presented in this case.  This duty is an important one.  When

20   you are in the jury room, listen to each other and discuss the

21   evidence and issues in the case amongst yourselves.  It is the

22   duty of each of you as jurors to consult with one another, and

23   to deliberate with a view toward reaching agreement on a

24   verdict, if you can do so without violating your individual

25   judgment and conscience.  While you should not surrender

1    conscientious conviction of what the truth is and of the

2    weight and effect of the evidence, and while each of you must

3    decide the case for yourself and not merely acquiesce in the

4    conclusion of your fellow jurors, you should examine the

5    issues and the evidence before you with candor and frankness,

6    and with proper deference to and regard for the opinions of

7    your fellow jurors.

8           You should not hesitate to reconsider your opinions

9    from time to time and to change them if you are convinced they

10   are wrong.  However, do not surrender an honest conviction as

11   to the weight and effect of the evidence simply to arrive at a

12   verdict.  The decision you reach must unanimous; you must all

13   agree.

14          When you have reached a verdict, simply send me a

15   note signed by your foreperson that you have reached a

16   verdict.  Do not indicate what the verdict is.  In no

17   communication with the Court should you give a numerical count

18   of where the jury stands in its deliberations.

19          Remember in your deliberations that the government's

20   charge against defendant is no passing matter.  The parties

21   and the Court rely upon you to give full and conscientious

22   deliberation and consideration to the issues and evidence

23   before you.  By so doing, you carry out to the fullest your

24   oaths as jurors to well and truly try the issues of this case

25   and render a true verdict.

1          Now E, the verdict form.

2          In rendering your verdict, you will be required to

3  fill out a verdict form that contains a series of questions,

4  some of or all of which you must answer depending on your

5  verdict.  Any answers you provide must be unanimous.  Because

6  the statute forbids both threats to assault and threats to

7  murder, you will be asked on the verdict form to indicate

8  whether, with respect to any true threat, you have found --

9  the true threat included a true threat to murder.  I'll make

10  those changes in the final version.

11          After all of you agree on the answer or answers, the

12  foreperson must, mark, date, and sign the form.

13          One final note I'll make to you as well, is that the

14  government was permitted to make the final argument before you

15  in a rebuttal statement.  And that is because the government,

16  as I have said repeatedly throughout the trial and these

17  instructions, always bears the burden of proof in this case.

18  To prove the defendant's guilt beyond a reasonable doubt and,

19  therefore, the government gets to give the last argument.

20  However, it's very important that you consider the arguments

21  of both parties in your deliberations.

22          And remember, finally, that arguments are not

23  evidence, and it's up to you to decide what the evidence shows

24  and what to infere from any evidence you find to be

25  established.

JURY CHARGE                                                1141

1          If you'll give me a couple of minutes, I just want

2    to talk to the counsel at sidebar and make sure there's

3    nothing more I need to instruct you on.

4              (Continued on the next page.)

5              (Sidebar conference.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25