# RENEE M. WONG, ESQ.
Attorney at Law
401 Broadway, suite 306
New York, New York 10013
(917) 701-0792
(212) 966-0588
Email: Renee@Wonglaw.net

June 4, 2023

<u>*VIA ECF*</u>

Honorable Pamela K. Chen
United States District Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re: *United States v. Congying Zheng*
          Docket No. 21-CR-265 (PKC)
          Congying Zheng's Application Pursuant to F.R.E. 106

Your Honor:

  Per the Court's directive on May 30, 2023, defendant Congying Zheng sets forth in writing those few additional excerpts of his post-arrest statement, beyond those that the Government has indicated it introduce, that he should be permitted to introduce pursuant to the Rule of Completeness, Federal Rule of Evidence 106 ("If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part – or any other writing or recorded statement – that in fairness ought to be considered at the same time.").

  Defendant Zheng has identified the following passages, which are brief but "necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion." *United States v.*

*Elmaani*, No. 20-cr-661 (CM) 2023 WL 2770742, at *7 (S.D.N.Y. April 4, 2023) (quoting *United States v. Johnson*, 507 F.3d 793, 796 (2d Cir. 2007)).

As a way of context, the portion of the statement that Mr. Zheng requests that the Court include clarifies a statement that the Government is seeking to admit. Specifically, Mr. Zheng is addressing questions regarding whether he told co-conspirators Chaohong Chen and Zebin Kuang that he believed the conduct was wrong and that he was taking down the note. The following quotes were taken at approximately 07:11.

> AGENT: Did he call Mr. Chen or Vincent to say this was wrong?
>
> ZHENG: I didn't call. I didn't --- I --- because when I went back to take the sign off, they didn't know it either").

The agent goes on to confirm Mr. Zheng's statement that he did not inform Chaohong Chen and Zebin Kuang that he removed the note. Mr. Zheng is seeking to include the statement made within one minute after, where he clarified specifically that Mr. Zheng did communicate to Chaohong Chen that he removed the note.

> (07:12) AGENT: Did he call or talk to Chen or Vincent about this?
>
> LINGUIST (to agent) Are you talking about before or after?
>
> ZHENG: After that I did tell Mr. Chen that I took the sign off. Maybe 2-3 days, about 3 days later, I told Mr. Chen that I took the sign off. But I never contacted Vincent.

The defense submits that inclusion of the portion of the statement is admitted assuring the Government's selection on the topic accurately reflects Mr. Zheng's statement regarding whether he told Chen or Kuang that this conduct was wrong. Additionally, there is an added difficulty of communication between Mr. Zheng and the agent due to the language barrier. As noted, the

interpreter needed to clarify with the agent whether the communications with Chaohong Chen and Zebin Kuang were made before or after the note was removed. The defense submits that this portion of the video is necessary to ensure fairness.

    It is respectfully requested that these passages are included pursuant to the Rule of Completeness.

                              Respectfully submitted,

                              S/ *Renee M. Wong*

                              Renee M. Wong, Esq.

RMW/aw