UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

UNITED STATES OF AMERICA,

              - against -

MICHAEL MCMAHON,
ZHENG CONGYING and
ZHU YONG,
    also known as "Jason Zhu,"

                    Defendants.
-------------------------------------------------------X

**JURY INSTRUCTIONS**
21-CR-265 (S-1) (PKC)

PAMELA K. CHEN, United States District Judge:

Ladies and gentlemen of the jury, now that you have heard all the evidence in the case as well as the arguments of the lawyers, it is my duty to give you instructions as to the law applicable in this case. We are all grateful to you for the close attention you have given to this case thus far. I ask that you continue to do so as I give you these instructions. You will be receiving a paper copy of these instructions for use during your deliberations, and you may request multiple copies as well.

The Defendants Michael McMahon, Zheng Congying, and Zhu Yong are charged with conspiracy to act as an agent of a foreign government, acting as an agent of a foreign government, conspiracy to engage in interstate stalking, and interstate stalking. The Defendants have pleaded not guilty to these charges and are presumed innocent.

My instructions will be in three parts:

First, I will instruct you regarding the general rules that define and govern the duties of a jury in a criminal case such as this;

Second, I will instruct you as to the particular crimes charged in this case and the specific elements that the Government must prove with respect to each crime; and

DRAFT 6/13/2023

<u>Third</u>, I will give you some general rules regarding your deliberation.

# TABLE OF CONTENTS

**GENERAL INSTRUCTIONS** .................................................................................. 1

I.        ROLE OF THE COURT AND JURY ................................................. 1

II.       FUNCTION OF THE INDICTMENT AND WHAT IS NOT IN EVIDENCE .. 2

III.      THE DEFINITION OF EVIDENCE AND MEANING OF OBJECTIONS ...... 2

IV.       DIRECT AND CIRCUMSTANTIAL EVIDENCE ........................................... 3

V.        WITNESS CREDIBILITY ............................................................... 4

VI.       TESTIMONY OF DEFENDANTS ............................................... 5

VII.      TESTIMONY OF LAW ENFORCEMENT OFFICERS ................................. 6

VIII.     TESTIMONY OF EXPERT WITNESSES ..................................... 6

IX.       TESTIMONY OF COOPERATING WITNESSES ........................... 7

X.        WITNESS INTERVIEWS ............................................................... 8

XI.       NO DUTY TO CALL WITNESSES, TO PRODUCE EVIDENCE, OR TO USE PARTICULAR INVESTIGATIVE TECHNIQUES ................................. 8

XII.      EVIDENCE OBTAINED THROUGH LAWFUL PROCEDURES ................. 9

XIII.     TRANSLATIONS ........................................................................ 10

XIV.      CHARTS AND SUMMARIES ..................................................... 10

XV.       TRANSCRIPTS OF AUDIO RECORDINGS ............................... 11

XVI.      STIPULATIONS ........................................................................ 11

XVII.     OTHER PERSONS NOT ON TRIAL .......................................... 11

XVIII.    CAUTIONARY AND LIMITING INSTRUCTIONS ..................... 12

XIX.      UNCALLED WITNESSES EQUALLY AVAILABLE ................... 12

XX.       INDIVIDUAL CONSIDERATION OF EACH DEFENDANT ....... 13

XXI.      NO SYMPATHY OR BIAS; EQUALITY OF THE PARTIES BEFORE THE COURT ....................................................................................... 13

XXII.     PUNISHMENT .......................................................................... 14

XXIII.    PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF ................. 14

XXIV.     REASONABLE DOUBT ............................................................. 15

**INSTRUCTIONS RELATING TO THE ALLEGED CRIMES** ............................................. 16

I.        DATES APPROXIMATE ............................................................. 16

II.       KNOWLEDGE AND INTENT .................................................... 16

| | | | |
|---|---|---|---|
| | **A.** | **Knowingly** | 16 |
| | **B.** | **Intentionally** | 16 |
| | **C.** | **Conscious Avoidance** | 17 |
| IV. | | CHARGES IN THE INDICTMENT | 17 |
| V. | | CONSPIRACY | 19 |
| | **A.** | **Conspiracy Generally** | 19 |
| | **B.** | **Co-Conspirator Statements** | 22 |
| | **C.** | **Aiding and Abetting** | 23 |
| | **D.** | **Co-Conspirator Liability** | 25 |
| | **E.** | **Withdrawal from the Conspiracy** | 27 |
| | **F.** | **Multiple Conspiracies** | 28 |
| VI. | | COUNT ONE: CONSPIRACY TO ACT AS AGENTS OF A FOREIGN GOVERNMENT | 29 |
| VII. | | COUNT TWO: ACTING AS AGENTS OF A FOREIGN GOVERNMENT | 31 |
| VIII. | | COUNT THREE: CONSPIRACY TO ENGAGE IN INTERSTATE STALKING | 33 |
| IX. | | COUNT FOUR: INTERSTATE STALKING | 34 |

**CLOSING INSTRUCTIONS** .......................................................................... **38**

| | | | |
|---|---|---|---|
| I. | | FOREPERSON | 38 |
| II. | | COMMUNICATION WITH THE COURT | 38 |
| III. | | YOUR RECOLLECTION GOVERNS / REQUESTS FOR EXHIBITS | 39 |
| IV. | | DELIBERATIONS AND UNANIMOUS VERDICT | 39 |

# GENERAL INSTRUCTIONS

## I.    ROLE OF THE COURT AND JURY

Let me start by restating our respective roles as judge and jury.

Your duty, as I mentioned in my opening instructions, is to find the facts from all of the evidence in this case. You are the sole judges of the facts, and it is for you and you alone to determine what weight to give the evidence, to resolve such conflicts as may have appeared in the evidence, and to draw such inferences as you deem to be reasonable and warranted from the evidence.

My job is to instruct you on the law. You must apply the law, in accordance with my instructions, to the facts as you find them. I remind you of your sworn obligation to follow the law as I describe it to you, whether you agree with it or not. You should not be concerned about the wisdom of any rule of law that I state. Regardless of any opinion you may have about what the law may be—or should be—it would be a violation of your oaths as jurors to base your verdict upon any other view of the law than the one given to you in these instructions.

If any of the lawyers have stated a legal principle that differs from any that I state to you in my instructions, you must be guided solely by what I instruct you about the law. You should not single out any one instruction as alone stating the law, but should consider my instructions as a whole.

Since it is your job—not mine—to find the facts, I have neither expressed nor attempted to intimate an opinion about how you should decide the facts of this case. You should not consider anything I have said or done in the course of the trial, including these instructions, as expressing any opinion about the facts or the merits of this case. This includes sustaining or overruling

1

objections.    For example, on occasion, I may have asked questions of a witness.    You should attach no special significance to these questions simply because they were asked by me.

## II.    FUNCTION OF THE INDICTMENT AND WHAT IS NOT IN EVIDENCE

The Defendants have been charged in an Indictment with violating federal laws.    The Indictment is merely a statement of the charges against the Defendants.    The Indictment is not itself evidence nor does it create an inference of guilt.    As previously stated, the Defendants have entered a plea of not guilty to the charges against them in the Indictment.

## III.    THE DEFINITION OF EVIDENCE AND MEANING OF OBJECTIONS

You must determine the facts in this case based solely on the evidence presented, or those inferences which can reasonably be drawn from the evidence presented.    Evidence has been presented to you in the form of sworn testimony from the witnesses and documentary exhibits that have been received in evidence by me.

There are rules of evidence that control what can be received into evidence.    When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object—which you, of course, saw and heard during the trial.    This simply meant that the lawyer wanted me to make a decision on a particular rule of evidence.    Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence.    You should not be influenced by the objection itself.    If I sustained an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained.    If I overruled the objection and the evidence was admitted, you can consider it like any other evidence, but should not give it special attention simply because of the objection.    Furthermore, as I will also instruct you later, certain evidence was admitted only for a limited purpose.

2

Certain things are not evidence and are to be entirely disregarded by you in deciding what the facts are: the Indictment; arguments, statements, or summations by the lawyers; objections to the questions or to the offered exhibits; and any testimony that has been excluded, stricken, or that you have been instructed to disregard.

IV.    DIRECT AND CIRCUMSTANTIAL EVIDENCE

As I mentioned in my opening instructions, there are, generally speaking, two types of evidence: direct and circumstantial.    You may use both types of evidence in reaching your verdict in this case.    There is no distinction between the weight to be given to these two types of evidence. You must base your verdict on a reasonable assessment of all of the evidence in the case.

**Direct evidence** is testimony from a witness about something he or she knows by virtue of his or her own senses—something he or she has seen, felt, touched, tasted, or heard.

The other type of evidence—**circumstantial evidence**—is proof of a chain of circumstances that points to the existence or nonexistence of certain facts.    A simple example of circumstantial evidence is as follows: Suppose you came to court on a day when the weather was clear, sunny, and dry.    However, after several hours in the courtroom where there are no windows, you observe a person come in wearing a wet raincoat and another person shaking a wet umbrella. Without you ever looking outside, you would not have direct evidence that it rained, but you might infer from these circumstances that while you were sitting in court, it rained outdoors.

That is all there is to circumstantial evidence.    On the basis of reason, experience, and common sense, you infer the existence or nonexistence of a fact from one or more established facts.

You are permitted to draw, from the facts that you find to have been proved, such reasonable inferences as would be justified in light of your experience.    Inferences are deductions

3

or conclusions that reason and common sense lead you, the jury, to draw from the facts that have been established by the evidence in the case.   Use your common sense in drawing inferences; however, you are not permitted to engage in mere guesswork or speculation.

There are times when differing inferences may be drawn from facts, whether proved by direct or circumstantial evidence.   Perhaps the Government asks you to draw one, and the Defendant ask you to draw another.   It is for you, and you alone, to decide what inferences you will draw.

No significance should be attached to the fact that a document, other exhibit, or witness testimony was introduced by one party rather than by the other.   Any party is entitled to the benefit of any evidence tending to establish its contentions, even though such evidence may have come from witnesses or documents introduced by another party.

V.      WITNESS CREDIBILITY

In deciding what the facts are in this case, you must consider all of the evidence that has been offered.   In doing this, you must decide which testimony to believe and which testimony not to believe.   You are the sole judges of credibility of the witnesses and the weight their testimony deserves.   Your determination of the issue of credibility very largely must depend upon the impression that a witness made upon you as to whether or not that witness was telling the truth or giving you an accurate version of what occurred.   You may choose to disbelieve all or part of any witness's testimony.   In deciding whether and to what extent to believe a witness's testimony, you may take into account any number of factors, including the following:

- the witness's opportunity to see, hear, and know about the events he or she described;

- the witness's ability to recall and describe those things;

4

- the witness's manner in testifying—was the witness candid and forthright or did the witness seem as if he or she was hiding something, being evasive, or suspect in some way;

- how the witness's testimony on direct examination compared with how the witness testified on cross-examination;

- the reasonableness of the witness's testimony in light of all of the other evidence in the case;

- whether the witness had any possible bias, any relationship to a party, any motive to testify falsely, or any possible interest in the outcome of the trial; and

- whether the witness's testimony was contradicted by his or her other testimony, by what that witness said or did on a prior occasion, by the testimony of other witnesses, or by other evidence.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. In weighing the effects of a discrepancy, you should consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from an innocent error or intentional falsehood.

If you find that any statement made by a witness on the stand is false, in whole or in part, you may disregard the particular part you find to be false or you may disregard his or her entire testimony as not worthy of belief.

VI.    <u>TESTIMONY OF DEFENDANTS</u>

The Defendants did not testify in this case. Under our Constitution, they have no obligation to testify or to present any other evidence because it is the Government's burden to prove his/their guilt beyond a reasonable doubt. A defendant is never required to prove that he is innocent.

5

You may not attach any significance to the fact that the Defendants did not testify. Nor may you draw any adverse inference against the Defendants because they did not take the witness stand. In your deliberations in the jury room, you may not consider this decision against the Defendants in any way.

VII.    TESTIMONY OF LAW ENFORCEMENT OFFICERS

During the trial, you heard testimony from current and former law enforcement officers. The fact that a witness is or was employed as a law enforcement official does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness. It is for you to decide, after weighing all the evidence and in light of the instructions I have given you about the factors relevant to determining the credibility of any witness, whether to accept the testimony of a law enforcement witness, and what weight, if any, that testimony deserves.

VIII.    TESTIMONY OF EXPERT WITNESSES

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness

6

to testify concerning his or her opinion.    Nor should you substitute it for your own reason, judgment and common sense.    The determination of the facts in this case rests solely with you.

IX.    <u>TESTIMONY OF COOPERATING WITNESSES</u>

During this trial, you have heard argument about "cooperating witnesses" and whether you should believe them or not.    The Government argues, as it is permitted to do, that it must take the witnesses as it finds them, and experience will tell you that the Government sometimes must rely on the testimony of a witness who admits to participating in criminal activity to show criminal behavior by others.    For that reason, the law allows the use of accomplice and co-conspirator testimony.    Indeed, it is the law in federal court that such testimony may be enough, standing alone, for conviction if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

However, it is also that case that cooperator testimony is of such a nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony, if any, to believe.    I have given you some general considerations on credibility, and I will not repeat them all here.    Instead, I will say a few things that you may want to consider during your deliberations on the subject of cooperating witnesses. You should ask yourselves whether these witnesses would benefit more by lying or by telling the truth.    Was their testimony made up in any way because they believed or hoped they would somehow receive favorable treatment by testifying falsely?    Or did they believe their interests would be served by testifying truthfully? If you believe a witness was motivated by hopes of personal gain, was this motivation one that would cause him to lie or would cause him or her to tell the truth?    Did this motivation color his testimony at all?

7

DRAFT 6/13/2023

You have heard evidence that a Government witness has pleaded guilty to charges arising out of some of the same facts that are at issue in this case.    That evidence is before you solely to assist you in evaluating the credibility of that witness.    You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the Defendants on trial before you from the fact that a prosecution witness pleaded guilty to crimes.    The decision of that witness to plead guilty was a personal decision that witness made about his own guilt.    It may not be used by you in any way as evidence against or unfavorable to the Defendants.

Finally, in relation to cooperating witnesses, you have also heard testimony in this case about who will decide the sentence of such a witness.    The question of punishment of a cooperating witness is a duty that rests exclusively upon the sentencing court, and you should not think about that except as it may affect the witness's credibility.

X.      WITNESS INTERVIEWS

There was testimony at trial that the attorneys and agents for the Government interviewed witnesses when preparing for and during the course of the trial.    You should not draw any unfavorable inference from that testimony.    Attorneys have an obligation to prepare their case as thoroughly as possible and, in the discharge of that responsibility, to interview witnesses. However, you may consider the frequency and duration of these preparation sessions, and the impact they may have had on the witness's testimony, in evaluating the credibility of the witness.

XI.      NO DUTY TO CALL WITNESSES, TO PRODUCE EVIDENCE, OR TO USE PARTICULAR INVESTIGATIVE TECHNIQUES

Although the Government bears the burden of proof beyond a reasonable doubt, and although a reasonable doubt can arise from lack of evidence, you are instructed that there is no legal requirement that the Government use any specific investigative techniques or pursue every

8

investigative lead to prove its case.    Therefore, although you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.

Additionally, the law does not require that all things mentioned during the course of the trial be produced as exhibits.    Your concern is to determine whether or not, on the evidence or lack of evidence, a defendant's guilt has been proved beyond a reasonable doubt.

In this regard, I also charge you that all persons who may have been present at any time or place mentioned in the case, or who may appear to have some knowledge of the issues in this case, need not be called as witnesses.    There is no duty on either side, however, to call a witness whose testimony would be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence.    I remind you, however, that because the law presumes that each Defendant is innocent, the burden of proving his guilt beyond a reasonable doubt is on the Government throughout the trial.    Defendants do not have the burden of proving their innocence or of producing any evidence or calling any witnesses at all.

XII.    <u>EVIDENCE OBTAINED THROUGH LAWFUL PROCEDURES</u>

During the trial in this case, you have heard evidence concerning a variety of investigative techniques and methods of collecting evidence.    Evidence was properly admitted in this case and may be considered by you.    I instruct you that any evidence that was presented to you was obtained legally and you must give the evidence consideration along with all the other evidence in this case in determining whether the Government has proved each of the Defendants guilty beyond a reasonable doubt.

XIII.    TRANSLATIONS

During the trial, you have heard from some witnesses who testified in Mandarin or Cantonese, and whose testimony was translated into English.    You have also been shown documents that were partially or entirely written in Chinese, and you were provided with English translations of those documents or portions of documents.    The interpreters translated the witnesses' testimony, and the parties agreed on the English translations of the documents, recordings and records.    Chinese-to-English translations of that evidence have been admitted into evidence.    All jurors must consider the same evidence.    If any of you speak Mandarin or Cantonese or read Chinese, you must all base your decision on the evidence presented in the English translation.    These translations are evidence, not just guides, and I instruct you to consider them just like any other evidence in this case.

XIV.    CHARTS AND SUMMARIES

The parties presented certain evidence in the form of charts and summaries.    These charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence.    They are no better than the documents about which they are based, and are not themselves independent evidence.    Therefore, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based.    It is for you to decide whether the charts, schedules or summaries correctly present the information contained in the testimony and in the exhibits on which they are based.    You are entitled to consider the charts, schedules, and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

XV.    <u>TRANSCRIPTS OF AUDIO RECORDINGS</u>

The Government has been permitted to distribute or use transcripts, some in the form of subtitles, containing the Government's interpretation of what was said on audio or video recordings that were received into evidence.    Those transcripts were provided to you as an aid or guide to assist you in listening to the recordings.    However, they are not in and of themselves evidence, and the versions of the video recordings containing subtitles were not admitted as evidence.    You alone should decide what appears on the recordings based on what you heard.    If you think you heard something differently than it appeared on the transcript, then what you heard controls.

XVI.    <u>STIPULATIONS</u>

A stipulation is an agreement among the parties that a certain fact is true.    You should regard such agreed facts as true.

XVII.    <u>OTHER PERSONS NOT ON TRIAL</u>

During this trial, you have heard evidence about the involvement of other persons in the events related to this case.    You may not draw any inference, favorable or unfavorable, toward the Government or the Defendants from the fact that a certain person or people are not on trial before you.    Your concern is solely the defendants on trial before you.    You should neither speculate as to the reason these people are not on trial before you nor allow their absence as parties to influence in any way your deliberations in this case.

DRAFT 6/13/2023

XVIII.      CAUTIONARY AND LIMITING INSTRUCTIONS

During the trial in this case, I admitted particular items of evidence for a limited purpose. This evidence can be considered by you only for that particular purpose and not for any other purpose.

Throughout this trial, there have also been references to alleged crimes committed by Xu Jin and/or his family members in the People's Republic of China, which I will also refer to in these instructions as China.    Whether these crimes were committed or not has no bearing on the case before you, and you should not consider or speculate about the merits of these allegations.

Finally, the Government has argued that some of the conduct that Mr. McMahon engaged in allegedly as part of the crimes charged in this case may have also violated other laws—namely, violating a user agreement and privacy laws in connection with certain databases.    Mr. McMahon is not charged with any offenses as a result of these violations and evidence that he may have violated this or any other laws, including tax laws, was admitted for a limited purpose, and you should only consider that evidence in deciding whether Mr. McMahon had the requisite intent to commit the crimes charged in the Indictment, and for no other purpose.

Finally, on cross examination, Mr. Gallowitz was asked about certain Civilian Complaint Review Board proceedings with regard to Mr. McMahon.    Those proceedings were only raised in the context of assessing Mr. Gallowitz's opinion of Mr. McMahon and can only be considered by you in evaluating that opinion.

XIX.      UNCALLED WITNESSES EQUALLY AVAILABLE

Both the Government and the defense have the same right to subpoena witnesses to testify on their behalf.    There is no duty on either side, however, to call a witness whose testimony would

12

DRAFT 6/13/2023

be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence.

I remind you, however, that because the law presumes the Defendants to be innocent, the burden of proving the Defendants' guilt beyond a reasonable doubt is on the Government throughout the trial. The Defendants never have the burden of proving their innocence or of producing any evidence or calling any witnesses at all.

## XX.    <u>INDIVIDUAL CONSIDERATION OF EACH DEFENDANT</u>

As I will instruct you momentarily, the Indictment contains several different counts or charges against each of the Defendants. You must consider each count separately and return a separate verdict of guilty or not guilty for each count. Whether you find a defendant guilty or not guilty as to one count should not affect your verdict as to any of the other charged counts. Although the Defendants have been charged together and are being tried together, you must evaluate the evidence against each Defendant individually and determine whether each Defendant is not guilty or guilty on a particular count individually.

## XXI.    <u>NO SYMPATHY OR BIAS; EQUALITY OF THE PARTIES BEFORE THE COURT</u>

In determining the issues of fact and rendering a verdict in this case, you should perform your duty with complete impartiality and without bias, sympathy, or prejudice as to any party. All parties are equal before the law and are entitled to the same fair consideration. Relatedly, it would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the Defendants' race, religion, national origin, sex, or age. It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision-making process.

The fact that this prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that accorded to any other party to a litigation. By the same token, the Government is also entitled to no less consideration.    All parties, whether the Government or individuals, are equal before the law.    The Court expects that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

XXII.      PUNISHMENT

The question of possible punishment of the Defendants is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.    The duty of imposing a sentence rests exclusively upon the Court.    Your duty is to weigh the evidence in the case and to determine whether or not each Defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.    Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon the Defendants, if they are convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

XXIII.      PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF

I will now give specific instructions regarding the presumption of innocence and the burden of proof in this case.

The Defendants have pleaded not guilty to the charges in the Indictment.    To convict the Defendants, the burden is on the Government to prove each Defendant's guilt of each element of each charge beyond a reasonable doubt.    This burden never shifts to the Defendants, for the simple reason that the law presumes the Defendants to be innocent and never imposes upon the Defendants in a criminal case the burden or duty of calling any witness or producing any evidence.

14

In other words, the Defendants start with a clean slate and are presumed innocent of each charge until such time, if ever, that you as a jury are satisfied that the Government has proven that a particular Defendant is guilty of a given charge beyond a reasonable doubt.

XXIV.    <u>REASONABLE DOUBT</u>

You may be wondering what constitutes a "reasonable doubt."   The words almost define themselves.   It is a doubt based upon reason.   It is a doubt that a reasonable person has after carefully weighing all of the evidence.   It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.   Proof beyond a reasonable doubt must, therefore, be proof that is so convincing that a reasonable person, based on that proof, would not hesitate to rely upon it in making an important decision.

A reasonable doubt is not caprice or whim.   It is not speculation or suspicion.   It is not an excuse to avoid the performance of an unpleasant duty.   The law does not require that the Government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of a defendant's guilt with respect to a particular charge against him, you should find that defendant guilty of that charge.   On the other hand, if after fair and impartial consideration of the evidence, you have a reasonable doubt as to a defendant's guilt with respect to a particular charge against him, you must find that defendant not guilty of that charge.

## INSTRUCTIONS RELATING TO THE ALLEGED CRIMES

I will now turn to the second part of my instructions and instruct you as to the legal elements of the criminal counts the Government has alleged.

## I.    DATES APPROXIMATE

The Indictment charges "in or about" and "on or about" and "between" certain dates.    The proof need not establish with certainty the exact date of an alleged offense.    It is sufficient if the evidence establishes beyond a reasonable doubt that an offense was committed on a date reasonably near the dates alleged.

## II.    KNOWLEDGE AND INTENT

Because all four charges in the Indictment against the Defendants require you to consider the concepts of knowledge and intent, I will instruct you about those concepts before addressing each of the charges specifically.

### A. Knowingly

A  person acts "knowingly" if he acts purposefully and voluntarily, and not because of ignorance, mistake, accident, or carelessness.    Whether the Defendants acted knowingly may be proven by their conduct and by all of the facts and circumstances surrounding the case.

### B. Intentionally

A person acts "intentionally" when he acts deliberately and purposefully.    That is, the Defendants' acts must have been the product of their conscious, objective decision, rather than the product of mistake or accident.    You may infer that a person ordinarily intends all natural and probable consequences of an act knowingly done.    It is sufficient that a defendant intentionally

16

engages in conduct that the law forbids.    The Defendants need not have been aware of the specific law that their conduct may have violated.

### C. Conscious Avoidance

In determining whether a defendant acted knowingly, you may also consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious to him.    If you find beyond a reasonable doubt that the Defendants you are considering acted with (or that the Defendants' ignorance was solely and entirely the result of) a conscious purpose to avoid learning the truth, then this element may be satisfied.    However, guilty knowledge may not be established by demonstrating that the Defendant was merely negligent, foolish or mistaken.    It is entirely up to you whether you find that the Defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

The issues of knowledge and intent require you to make a determination about a defendant's state of mind, something that can rarely be proved directly.    Willful intent or guilty knowledge may be inferred from the secretive or irregular manner in which a transaction is carried out.    A wise and careful consideration of all the circumstances shown by the evidence and the exhibits in the case may, however, permit you to make a determination as to the defendant's state of mind.    Indeed, experience has taught that frequently actions speak louder and more clearly than words, and in your everyday affairs, you are frequently called upon to determine a person's state of mind from their words and actions in given circumstances.    You are asked to do the same here.

## IV.    CHARGES IN THE INDICTMENT

The Defendants are formally charged in an Indictment.    As I instructed you at the outset of the case, an indictment is simply a charge or accusation.    You will not be provided a copy of

the Indictment itself, because an indictment is merely a statement of the charges and not evidence itself.

The Indictment in this case contains four separate counts, or separate offenses, and you will be called upon to render a separate verdict on each of them as to each Defendant.    I will go over them in detail, but let me summarize them now.

Count One charges each of the Defendants with conspiracy to act as agents of a foreign government without prior notification to the Attorney General of the United States.

Count Two charges each of the Defendants with each acting as agents of a foreign government without prior notification to the Attorney General of the United States.

Count Three charges each of the Defendants with conspiracy to engage in interstate stalking.

Count Four charges each of the Defendants with each engaging in interstate stalking.

You must consider each count of the Indictment and each Defendant's alleged involvement in that count separately, and you will be called upon to render a separate verdict on each count for each Defendant.    Whether you find a Defendant guilty or not guilty as to one offense should not affect your verdict as to any other counts.

There is one last point I want to make about the Indictment.    The Indictment uses the word "and" where my instructions will use the word "or."    This is a result of how the Government formalizes its charges, and it is not a statement of the law.    Where my instructions use the word "or," that "or" is controlling over any other contradictory phrasing in the Indictment.

18

V.        CONSPIRACY

### A. Conspiracy Generally

Counts One and Three of the Indictment allege that the Defendants participated in criminal conspiracies.

A conspiracy is an agreement by two or more persons to accomplish some unlawful purpose.    It is sometimes referred to as a criminal partnership.    The crime of conspiracy is an offense separate from the crime the alleged conspirators intended to commit.    A conspiracy is in and of itself a crime.    If a conspiracy exists, even if it fails to achieve its purpose, it is still a punishable crime.    In order to prove the crime of conspiracy charged in Counts One and Three of the Indictment, the Government must establish the following three elements of the crime beyond a reasonable doubt:

**First**:    two or more persons entered into the particular unlawful agreement charged in the Indictment;

**Second**:    the Defendant knowingly and intentionally became a member of the conspiracy; and

**Third:**    that an overt act was committed in furtherance of the conspiracy.

The first element requires that the Government prove that at least two conspirators had a meeting of the minds, and that they agreed to work together to accomplish the object of the charged conspiracy.    To establish a conspiracy, the Government is not required to prove that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished.    What the Government must prove is that there was a

mutual understanding, either spoken or unspoken, between two or more people to accomplish an unlawful act by means of a joint plan or common scheme.

You may find that the existence of an agreement to disobey or violate the law has been established by direct proof.   Because conspiracy is usually characterized by secrecy, you may also infer its existence from the circumstances and the conduct of the parties and others involved. You may consider the actions and statements of all of these persons in deciding whether a common design existed to act together for the accomplishment of an unlawful purpose.

The second element requires that the Government prove beyond a reasonable doubt that the Defendant knowingly and intentionally became a member of the charged conspiracy.   I have already instructed you as to the terms "knowingly" and "intentionally."   In deciding whether the Defendants were participants in or members of a conspiracy, you must consider whether, based upon all of the evidence, the Defendant you are considering knowingly and intentionally joined that conspiracy: that is, they participated in it with knowledge of its purpose and with the specific intention of furthering one or more of its objectives.   Proof of a financial interest in the outcome of a scheme is not essential, although if you find that the Defendant did have a financial interest in the outcome of a scheme, you may consider that as evidence of the Defendant's motive to join the conspiracy.

A defendant's knowledge is a matter of inference from the facts proved.   To become a member of a conspiracy, a defendant need not have known the identities of every member of the conspiracy, nor need they have been apprised of all of their activities.   A defendant need not have been fully informed of all the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part.   A defendant need not have joined in all of a conspiracy's unlawful objectives.

20

DRAFT 6/13/2023

The extent of a defendant's participation has no bearing on the issue of a defendant's guilt. A conspirator's liability is not measured by the extent or duration of his participation. Indeed, each member may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the Defendant you are considering within the circle of the conspiracy.

I want to caution you, however, that a defendant's mere presence at the scene of criminal activities, or at locations frequented by criminals, does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make a defendant a member. A person may know or be friendly with a criminal without being a criminal himself. Indeed, a person may be a criminal without being a member of the charged conspiracy. Mere similarity of conduct or the fact that individuals may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

I further caution you that mere knowledge, without participation, in the unlawful plan is not sufficient. Furthermore, the fact that a person, without any knowledge that a crime is being committed, merely happens to act in a way that furthers the purposes or objectives of the conspiracy does not make that person a member. More is required under the law. What is necessary is that a defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, to find the Defendant you are considering guilty of conspiracy, you must find beyond a reasonable doubt that, with an understanding of the unlawful nature of the conspiracy,

21

DRAFT 6/13/2023

they intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering an illegal undertaking.

The <u>third</u> element requires that the Government prove at least one overt act.    An overt act is any action intended to help the object of the conspiracy.    An overt act need not itself be a criminal act, but it must contribute to furthering the conspiracy.    It is not required that all of the overt acts alleged in the Indictment be proven or that the overt act was committed at precisely the time alleged in the Indictment.    It is sufficient if you are convinced beyond a reasonable doubt that the overt act occurred at or about the time and place stated.    Similarly, you need not find that any of the Defendants themselves committed the overt act.    It is sufficient for the Government to show that one of the conspirators knowingly committed an overt act in furtherance of the conspiracy, since, in the eyes of the law, such an act becomes the act of all of the members of the conspiracy.

### B. Co-Conspirator Statements

A conspiracy is often referred to as a partnership in crime.    As in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.    Accordingly, the reasonably foreseeable acts, declarations, statements, and omissions of any member of the conspiracy, and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members and all of the members are responsible for such acts, declarations, statements, and omissions.

If you find beyond a reasonable doubt that the Defendants were members of each of the two conspiracies charged in the Indictment, then any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy at the

time those acts were committed or statements were made may be considered against the Defendants, so long as the acts or statements were reasonably foreseeable to the Defendants. This is so even if such acts were done and statements were made in the Defendants' absence and without their knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of the Defendants' guilt, you must first determine that the acts and statements were made during the existence of, and in furtherance of, the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy, or if they were not done or said in furtherance of the conspiracy, they may not be considered by you as evidence against the Defendants.

### C. Aiding and Abetting

Counts Two and Four of the Indictment allege that the Defendants committed the crimes of acting as illegal agents of a foreign government and interstate stalking. The Indictment also alleges that the Defendants aided and abetted the commission of these particular crimes. Thus, even if you find that the Government has not proven beyond a reasonable doubt that the Defendant you are considering directly acted as an agent of a foreign government in the United States without notifying the Attorney General, or directly engaged in interstate stalking, you must also consider whether the Government has met its burden of proving the Defendants' guilt by considering the Defendants' guilt under the aiding-and-abetting liability theory.

Aiding and abetting is defined under federal law in Title 18, United States Code, Section 2, which provides in pertinent part the following:

> (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures the commission of a crime is punishable as a principal.

23

DRAFT 6/13/2023

Under the federal aiding and abetting statute, it is not necessary for the Government to show that the Defendant himself physically committed the crime with which he is charged in order for you to find the Defendant guilty.    A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.

Accordingly, you may find the Defendant guilty of the offense charged if you find beyond a reasonable doubt that the Government has proven that another person actually committed an offense with which the Defendant is charged, and that the Defendant aided or abetted that person in the commission of the offense.

As I have indicated, the first requirement is that you find that another person has committed the crime charged.    No one can be convicted of aiding and abetting the criminal act of another if no crime was committed by the other person in the first place.    But if you do find that a crime was committed, then you must consider whether the Defendants aided or abetted the commission of that crime.

To aid or abet another to commit a crime, a defendant must do two things.    First, he must knowingly associate himself in some way with the crime, and second, he must participate in the crime by doing some act to help make the crime succeed.

To establish that the Defendant you are considering knowingly associated themselves with the crime, the Government must establish that the Defendants knew and intended that the crimes charged would be committed.

To establish that the Defendant participated in the commission of the crime, the Government must prove that the Defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about the crime.    A Defendant's mere presence where a crime is

24

being committed, even coupled with knowledge by a defendant that a crime is being committed, is not sufficient to establish aiding and abetting.   One who has knowledge that a crime is being committed or is about to committed, but inadvertently does something that aids in the commission of that crime is not an aider or abettor.   An aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture.

To determine whether the Defendant you are considering aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

- Did he participate in the crime charged as something he wished to bring about?

- Did he knowingly associate himself with the criminal venture?

- Did he seek by his actions to make the criminal venture succeed?

If he did, then the Defendant is an aider and abettor, and therefore guilty of the offense. If, on the other hand, your answer to any one of these questions is "no," then the Defendant is not an aider and abettor, and you must find him not guilty under that theory.

### D. Co-Conspirator Liability

Another way in which you should evaluate the guilt of the Defendants for Counts Two and Four, even if you do not find that the Government has satisfied its burden of proof with respect to direct liability or aiding-and-abetting liability, is called "co-conspirator liability."

If you find beyond a reasonable doubt that the Defendant you are considering was a member of the conspiracy charged in Count One of the Indictment then you may, but are not required to, find that Defendant guilty of the substantive crime charged against him in Count Two. Likewise, if you find beyond a reasonable doubt that the Defendant you are considering was a member of the conspiracy charged in Count Three of the Indictment then you may, but are not

DRAFT 6/13/2023

required to, find the Defendant guilty of the substantive crime charged against him in Count Four. To do so, however, you must first find, beyond a reasonable doubt, each of the following elements as to Counts Two and Four:

First, the substantive crime charged in Counts Two and Four was committed by someone;

Second, the person or persons you find actually committed the crime were members of the conspiracy you found to have existed;

Third, the substantive crime was committed pursuant to the common plan and understanding you found to exist among the conspirators;

Fourth, the Defendant was a member of that conspiracy at the time the substantive crime was committed; and

Fifth, the Defendant could have reasonably foreseen that the substantive crime might be committed by his co-conspirators.

If you find all five of these elements to exist beyond a reasonable doubt, then you may find the Defendant guilty of Counts Two and Four, even though he did not personally participate in the acts constituting the crime or did not have actual knowledge of it.

The reason for this rule is simply that a co-conspirator who commits a substantive crime pursuant to a conspiracy is deemed to be the agent of the other conspirators. Therefore, all of the co-conspirators bear criminal responsibility for the commission of the substantive crimes.

If, however, you are not satisfied as to the existence of any of these five elements, then you may not find that Defendant guilty of the substantive crime, unless the Government proves, beyond a reasonable doubt, that the Defendant personally committed the substantive crime charged in Counts Two and Four, or aided and abetted the commission of the substantive crime charged in Counts Two and Four.

26

### E.  Withdrawal from the Conspiracy

Defendant Zheng Congying has raised the defense that he withdrew from the conspiracies charged in Counts 1 and 3.   Once a person joins a conspiracy, that person remains a member until he withdraws from it.   Any withdrawal must be complete and it must be done in good faith.   A person can withdraw from a conspiracy by taking some affirmative steps to terminate or abandon his participation in and efforts to promote the conspiracy.   In other words, the defendant must have demonstrated some type of positive action that disavowed or defeated the purpose of the conspiracy.   Proof that the defendant merely ceased conspiratorial activity is not enough.

Where a defendant by his conspiratorial actions sets in motion events that are designed to have effect beyond the period of his active participation, the defendant's affirmative act of withdrawal must be aimed at weakening or undermining the foreseeable consequences of his own participation in the conspiracy.

For example, a defendant may withdraw from a conspiracy by giving a timely warning about the conspiracy to proper law enforcement officials or wholly depriving his prior efforts of effectiveness in the commission of the crime or making appropriate efforts to prevent the commission of a crime or by doing acts that are inconsistent with the objects of the conspiracy and making reasonable efforts to communicate those acts to his co-conspirators.

Defendant Zheng has the burden of proving that he withdrew from the conspiracy by a preponderance of the evidence.   In determining whether Defendant Zheng withdrew from the conspiracy, you may consider the relevant testimony of all of the witnesses regardless of who called them, and all the relevant exhibits received in evidence, regardless of who produced them. However, it is important to remember that the fact that Defendant Zheng has raised this defense

does not relieve the Government of its burden of proving each and every element of the crime of conspiracy.

### F. Multiple Conspiracies

In this case, the Defendants contend that the Government's proof fails to show the existence of only one overall conspiracy.   Rather, they claim that there were actually several separate and independent conspiracies with various groups of members.

Whether there existed a single unlawful agreement, or many such agreements, or indeed, no agreement at all, is a question of fact for you, the jury, to determine in accordance with the instructions I am about to give you.

When two or more people join together to further one common unlawful design or purpose, a single conspiracy exists.   By way of contrast, multiple conspiracies exist when there are separate unlawful agreements to achieve distinct purposes.

Proof of several separate and independent conspiracies is not proof of the single, overall conspiracy charged in the Indictment, unless one of the conspiracies proved is the single conspiracy described in the Indictment.

You may find that there was a single conspiracy despite the fact that there were changes in either personnel, or activities, or both.   The fact that the members of a conspiracy may change does not necessarily imply that separate conspiracies exist.

On the other hand, if you find that the conspiracy charged in the Indictment did not exist, you cannot find any defendant guilty of the single conspiracy charged in the Indictment.   This is so even if you find that some conspiracy other than the one charged in this Indictment existed, even though the purposes of both conspiracies may have been the same and even though there may have been some overlap in membership.

28

Similarly, if you find that a particular defendant was a member of another conspiracy, and not the one charged in the Indictment, then you must acquit the defendant of the conspiracy charge.

Therefore, what you must do is determine whether the conspiracy charged in the indictment existed. If it did, you then must determine the nature of the conspiracy and who were its members.

## VI.    COUNT ONE: CONSPIRACY TO ACT AS AGENTS OF A FOREIGN GOVERNMENT

Count One of the Indictment charges that all three Defendants—MICHAEL MCMAHON, ZHENG CONGYING and ZHU YONG, also known as "Jason Zhu"—with conspiring to commit an offense against the United States, in violation of Title 18, United States Code, Section 371. Section 371 provides, in relevant part, that:

> If two or more persons conspire . . . to commit any offense against the United States . . . in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be [guilty of an offense against the United States].

The Government alleges that the object of the conspiracy was for MICHAEL MCMAHON, ZHENG CONGYING or ZHU YONG, also known as "Jason Zhu," to act in the United States as an agent of a foreign government without first notifying the Attorney General, in violation of federal law. Specifically, the Indictment reads as follows:

> In or about and between September 2016 and December 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants . . . MICHAEL MCMAHON, . . . ZHENG CONGYING and ZHU YONG, also known as "Jason Zhu," together with others, did knowingly and willfully conspire to act in the United States as agents of a foreign government, to wit: the People's Republic of China government, without prior notification to the Attorney General of the United States, as required by law, contrary to Title 18, United States Code, Section 951(a).

29

DRAFT 6/13/2023

I have already instructed you on the general definition of conspiracy, which, as I said, is an agreement among two or more people to commit a crime. Here, the alleged crime charged in Count One is acting in the United States as an agent of a foreign government, specifically the People's Republic of China or China, without notifying the Attorney General. I will next instruct you on the particular elements of that substantive crime.

As a reminder, the Government need not prove that the Defendants actually committed the unlawful act charged as the object of the conspiracy in Count One. Rather, if you find that the Defendant you are considering knowingly and intentionally agreed to commit this crime, then you should find that Defendant guilty of Count One.

I remind you that the crime of conspiracy—an agreement—to violate a law is an independent offense. It is separate and distinct from the actual violation of any specific law. Accordingly, you may find the Defendants guilty of the offenses charged in Count One even if you find that there was no violation of Count Two.

As I previously mentioned, the conspiracy charged in Count One requires proof of at least one overt act. I will not read the overt acts charged in the Indictment, but you will receive a copy of the Overt Acts alleged for Count One of the Indictment to review during your deliberations. As a reminder, it is not required that all of the overt acts alleged in the Indictment be proven or that any overt act was committed at precisely the time alleged in the Indictment, nor do you need to find that the defendant himself committed the overt act. It is sufficient for the Government to show that one of the conspirators knowingly committed an overt act in furtherance of the conspiracy.

## VII.     COUNT TWO: ACTING AS AGENTS OF A FOREIGN GOVERNMENT

Count Two of the Indictment charges that the Defendants, MICHAEL MCMAHON, ZHENG CONGYING and ZHU YONG, also known as "Jason Zhu," were acting as agents of a foreign government without prior notification to the Attorney General of the United States.    The relevant language of the statute, Title 18, United States Code, Section 951, provides that:

> Whoever, other than a diplomatic or consular officer or attaché, acts in the United States as an agent of a foreign government without prior notification to the Attorney General . . . shall be [guilty of a crime].

The Indictment reads as follows with regard to Count Two:

> In or about and between September 2016 and December 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants . . . MICHAEL MCMAHON, . . . ZHENG CONGYING and ZHU YONG, also known as "Jason Zhu," together with others, did knowingly act in the United States as agents of a foreign government, to wit: the People's Republic of China government, without prior notification to the Attorney General of the United States, as required by law.

To prove a violation of the crime charged in Count Two of the Indictment, the Government must establish each of the following elements beyond a reasonable doubt:

First, the Defendant acted as an agent of a foreign government or official, specifically of China;

Second, the Defendant failed to notify the Attorney General that he would be acting as an agent of the government or an official of China in the United States prior to so acting;

Third, the Defendant acted knowingly; and

Fourth, the Defendant acted, at least in part, as an agent for the government or an official of China while in the United States.

The term "foreign government" includes any person or group of persons exercising authority in fact or by law or right over any country, other than the United States, or over any part of such country, and includes any subdivision of any such group or agency to which such sovereign authority or functions are directly or indirectly delegated.

The term "agent of a foreign government" means an individual, other than a diplomatic or consular officer or attaché, who agrees to operate within the United States subject to the direction or control of a foreign government or foreign government official.

Simply acting in accordance with foreign interests does not make a person an "agent of a foreign government." To be an "agent of a foreign government," a person must do more than act in parallel with a foreign government's interests or pursue a mutual goal. The Government must prove both that the Defendant acted pursuant to an agreement to operate subject to the direction or control of China, and that a Chinese official directed or controlled the Defendant's actions. A foreign government or official's involvement in the relationship does not need to be that of an employer of the Defendant—a lesser degree of control is sufficient. A person who agrees to operate subject to a more hands-off form of direction would also be operating as an "agent of a foreign government." An agreement to act as an agent of a foreign government need not be contractual or formalized, nor must payment or other compensation be received. The agreement may be established either by direct contact between the agent and foreign government or indirect contact through an intermediary or intermediaries.

You do not need to find that a defendant was an agent during the entire time period specified in the Indictment. If all jurors agree that it has been shown beyond a reasonable doubt that a defendant was an agent of China at any time within that period, and the Government has

32

proven beyond a reasonable doubt all other elements of the offense as set forth in these instructions, then you must find that defendant guilty of Count Two.

To find a defendant guilty of this offense, you must find that the defendant knew that he was acting as an agent of the government or an official of China and knew that he had not provided prior notification to the Attorney General.   I have already instructed you on what "knowingly" means, and you should apply that instruction here.   It is not necessary, however, for the Government to prove that a defendant knew that there was a law that required him to provide notification to the Attorney General.   Ignorance of the law is not a defense to this crime.

The parties have stipulated that none of the Defendants nor the alleged co-conspirators have notified the Attorney General related to the alleged conduct in this case.

## VIII.    COUNT THREE: CONSPIRACY TO ENGAGE IN INTERSTATE STALKING

Count Three of the Indictment alleges that the Defendants conspired to commit an offense against the United States, in violation of Title 18, United States Code, Section 371, which I have previously instructed you on.

The Government alleges that the object of the conspiracy was for the Defendants, together with others, to travel in interstate and foreign commerce, with the intent to harass and intimidate, and place under surveillance with the intent to harass and intimidate certain individuals, namely Xu Jin, Liu Fang, and   Xu Xinxi, also known as "Sabrina Xu," in violation of federal law. Specifically, Count Three of the Indictment charges that:

> In or about and between September 2016 and December 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants . . . MICHAEL MCMAHON, . . . ZHENG CONGYING and ZHU YONG, also known as "Jason Zhu," together with others, did knowingly and willfully conspire to travel in interstate and foreign commerce, with the intent to harass and intimidate, and place under surveillance with

33

the intent to harass and intimidate, one or more persons, to wit: [Xu Jin], [Liu Fang], and [Xu Xinxi, also known as "Sabrina Xu"] and in the course of, and as a result of, such travel, to engage in conduct that would cause, would attempt to cause and would be reasonably expected to cause [Xu Jin], [Liu Fang], and [Xu Xinxi, also known as "Sabrina Xu], substantial emotional distress, contrary to Title 18, United States Code, Section 2261A(l)(B).

I have already instructed you with respect to the law of conspiracy.    Those same principles apply here.

As I explained with regard to the conspiracy charged in Count One, the Government need not prove that the Defendants actually committed the unlawful act charged as the object of the interstate stalking conspiracy.    Rather, if you find that the Defendant you are considering knowingly and intentionally agreed to commit this crime, then you should find that Defendant guilty of Count Three.

As I also just reminded you with regard to Count One, the crime of conspiracy charged in Count Three is separate and distinct from the actual violation of any specific law, and therefore you may find the Defendant guilty of the offense charged in Count Three even if you find that there was no violation of the law prohibiting interstate stalking.

Finally, as I previously mentioned with regard to Count One, the conspiracy charged in Count Three requires proof of at least one overt act.    I will not read the overt acts charged in the Indictment, but you will receive a copy of the Overt Acts alleged in Count Three of the Indictment to review during your deliberations.    My prior instructions about overt acts apply to Count Three as well.

IX.    COUNT FOUR: INTERSTATE STALKING

Count Four of the Indictment charges the Defendants with engaging in interstate stalking in violation of federal law.    Specifically, Count Four of the indictment charges that:

34

In or about and between September 2016 and December 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants . . . MICHAEL MCMAHON, ZHENG CONGYING and ZHU YONG, also known as "Jason Zhu," together with others, did knowingly and intentionally travel in interstate and foreign commerce, with the intent to harass and intimidate, and place under surveillance with the intent to harass and intimidate one or more persons, to wit: [Xu Jin] and [Liu Fang], and in the course of, and as a result of, such travel, engaged in conduct that caused, attempted to cause and would be reasonably expected to cause [Xu Jin] and [Liu Fang] substantial emotional distress.

The statute relevant to Count Four is Title 18 of the United States Code, Section 2261A(1)(B), which provides in relevant part:

". . . Whoever travels in interstate or foreign commerce . . . , with the intent to . . . harass, intimidate, or place under surveillance with intent to . . . harass, or intimidate another person, and in the course of, or as a result of, such travel or presence engages in conduct that— . . .

(B) causes, attempts to cause or would reasonably be expected to cause substantial emotional distress to a person . . . [shall be guilty of a crime.]"

In order to prove the Defendant guilty of interstate stalking as charged in the Indictment, the Government must prove beyond a reasonable doubt each one of the following three elements:

First, that the Defendant traveled in interstate or foreign commerce as charged in the Indictment;

Second, that the Defendant traveled in interstate or foreign commerce with the intent to harass or intimidate or place under surveillance with the intent to harass, or intimidate Xu Jin or Liu Fang; and

35

Third, that in the course of or as a result of such travel, the Defendant caused, attempted to cause, or reasonably expected to cause substantial emotional distress to Xu Jin or Liu Fang or a member of either Xu Jin's or Liu Fang's immediate family.

I will explain each of these elements to you in more detail.

### First Element: Interstate Travel

The first element that the Government must prove beyond a reasonable doubt is that the Defendant traveled in interstate or foreign commerce as charged in the Indictment.

Travel in interstate or foreign commerce simply means travel between two states or between the United States and a foreign country.

### Second Element: Intent to Harass or Intimidate

The second element that the Government must prove beyond a reasonable doubt is that the Defendant traveled in interstate commerce with the intent to harass, intimidate or place under surveillance with intent to harass, or intimidate Xu Jin or Liu Fang.   Harass means to annoy persistently, or to create an unpleasant or hostile situation.

Direct proof of a person's intent is almost never available.    It would be a rare case where it could be shown that a person wrote or stated that as of a given time he or she committed an act with a particular intent.    Such direct proof is not required.    The ultimate fact of intent, though subjective, may be established by circumstantial evidence, based upon the Defendant's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

### Third Element: Victim Placed in Reasonable Fear

The third element that the Government must prove beyond a reasonable doubt is that in the course of or as a result of such travel, the Defendant engaged in conduct the result of which caused,

36

DRAFT 6/13/2023

attempted to cause, or would be reasonably expected to cause substantial emotional distress to Xu Jin or Liu Fang or an immediate family member.

To establish this element, the Government must prove that as a result of the Defendant's conduct during or after the travel in interstate commerce, Xu Jin or Liu Fang or an immediate family member of Xu Jin or Liu Fang suffered substantial emotional distress as a result of the Defendant's conduct, or that the Defendant attempted or reasonably expected to cause that emotional distress.

The term "immediate family member" means a spouse, parent, brother, sister, child, ward. The term also includes any other person living in Xu Jin's or Liu Fang's household and related to Xu Jin or Liu Fang by blood or marriage.

DRAFT 6/13/2023

## CLOSING INSTRUCTIONS

I have now outlined for you the rules of law applicable to this case, the process by which you weigh the evidence and determine the facts, and the legal elements that must be proved beyond a reasonable doubt.    In a few minutes you will retire to the jury room for your deliberations.    I will now give you some general rules regarding your deliberations.    Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be.    That is entirely for you to decide.

By way of reminder, I instruct you once again that it is your responsibility to judge the facts in this case from the evidence presented during the trial and to apply the law as I have given it to you, and your verdict must be based solely on this evidence and law, not on anything else.

## I.    FOREPERSON

For your deliberations to proceed in an orderly fashion, you must have a foreperson.    The custom in this courthouse is for Juror No. 1 to act as the foreperson.    However, if, when you begin deliberations, you decide that you want to elect another foreperson, you are entitled to do so.    The foreperson will be responsible for signing all communications to the court and for handing them to the Deputy Marshal during your deliberations, but, of course, his or her vote is entitled to no greater weight than that of any other juror.

## II.    COMMUNICATION WITH THE COURT

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching on this case.    There is only one exception to this rule.    If it becomes necessary during your deliberations to communicate with me, you may send a note, through the Deputy Marshal, signed by your foreperson.    No member of the jury should attempt to communicate with me except by a signed writing, and I will never communicate with

38

any member of the jury on any subject touching upon the merits of the case other than in writing, or orally here in open court.

III.   <u>YOUR RECOLLECTION GOVERNS / REQUESTS FOR EXHIBITS</u>

Your recollection governs.   Nobody else's.   If, in the course of your deliberations, your recollection of any part of the testimony should fail, or you should find yourself in doubt concerning my instructions to you on the law, you may request that a witness's or witnesses' testimony, or portions thereof, be sent back to you in the jury room.    Again, you may make such a request by a note to the Deputy Marshal.   I suggest, however, that you be specific to avoid receiving testimony that you do not want or need.    Describe as best and precisely as you can what you want to hear and be patient because it sometimes takes a while to find the testimony in the record.

To the extent possible, the exhibits that were admitted as evidence during the trial will be sent back to you for your deliberations.

IV.   <u>DELIBERATIONS AND UNANIMOUS VERDICT</u>

Your duty is to reach a fair conclusion from the law as I have given it to you and the evidence that has been presented in this case.    This duty is an important one.    When you are in the jury room, listen to each other, and discuss the evidence and issues in the case amongst yourselves.    It is the duty of each of you, as jurors, to consult with one another, and to deliberate with a view toward reaching agreement on a verdict, if you can do so without violating your individual judgment and conscience.    While you should not surrender conscientious convictions of what the truth is and of the weight and effect of the evidence, and while each of you must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors, you should

DRAFT 6/13/2023

examine the issues and the evidence before you with candor and frankness, and with proper deference to, and regard for, the opinions of your fellow jurors.

You should not hesitate to reconsider your opinions from time to time and to change them if you are convinced they are wrong.    However, do not surrender an honest conviction as to the weight and effect of the evidence simply to arrive at a verdict.    The decision you reach must be unanimous; you must all agree.

When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict.    Do not indicate what the verdict is.    In no communication with the court should you give a numerical count of where the jury stands in its deliberations.

Remember in your deliberations that the Government's charges against the Defendants are no passing matter.    The parties and the Court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you.    By so doing, you carry out to the fullest your oaths as jurors—to well and truly try the issues of this case and render a true verdict.

40