IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Case No. 21-265 (PKC) |
| v. | ) | |
| | ) | HON. PAMELA K. CHEN |
| | ) | |
| CONGYING ZHENG, | ) | NOTICE OF MOTION FOR |
| | ) | JUDGMENT OF ACQUITTAL |
| | ) | OR FOR A NEW TRIAL |
| Defendant. | ) | |

PLEASE TAKE NOTICE that upon the annexed Memorandum of Law and the proceedings previously had herein, Defendant CONGYING ZHENG, by and through his attorneys, Renee M. Wong, Esq., and Paul A. Goldberger, Esq., will move this Court before the Honorable Pamela K. Chen, United States District Court Judge for the Eastern District of New York, at the Eastern District of New York Courthouse, 325 Cadman Plaza East, Brooklyn, New York 11201, on a date and time to be determined by the Court, for an order granting a Judgment of Acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure, or alternatively, for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure, and for any other relief the Court finds just and proper.

Dated: New York, New York
        August 10, 2023

                                          Respectfully submitted,

                                        S/ *Renee M. Wong*

                                        Renee M. Wong, Esq.

                                        S/ *Paul A. Goldberger*

                                        Paul A. Goldberger

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 21-265 (PKC) |
| v. ) | |
| ) | HON. PAMELA K. CHEN |
| CONGYING ZHENG, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CONGYING ZHENG'S MOTIONS FOR JUDGMENT OF ACQUITTAL OR FOR A NEW TRIAL**

S/ *Renee M. Wong*

Renee M. Wong, Esq.
Attorney for Congying Zheng
401 Broadway, suite 306
New York, New York 10013

S/ *Paul A. Goldberger*

Paul A. Goldberger, Esq.
Goldberger & Dubin, P. C.
Attorney for Congying Zheng
401 Broadway, Suite 306
New York, New York 10013

2

# **TABLE OF CONTENTS**

|  | Page |
|---|---|
| TABLE OF AUTHORITIES……………………………………………. | 4 |
| PRELIMINARY STATEMENT……………………………………………. | 6 |
| ARGUMENT…………………………………………………………….. | 6 |
| I. DEFENDANT RESPECTFULLY REQUESTS A JUDGMENT OF ACQUITTAL…………………………. | 6 |
| II. IF THIS COURT DETERMINES THAT A JUDGMENT OF ACQUITTAL IS NOT APPROPRIATE IN THIS CASE, THEN IN THE ALTERNATIVE, A NEW TRIAL SHOULD BE ORDERED PURSUANT TO FED. R. CRIM. P. 33(A)…………………………………….. | 12 |
| A. THE WEIGHT OF THE EVIDENCE IS NOT SO STRONG THAT THE JURY'S VERDICT SHOULD BE PERMITTED TO STAND……………………….. | 12 |
| B. A NEW TRIAL IS WARRANTED BECAUSE THE COURT IMPROPERLY CURTAILED CROSS-EXAMINATION OF WITNESSES………… | 14 |
| C. THE GOVERNMENT HAS PROVED MULTIPLE CONSPIRACIES CAUSING SIGNIFICANT PREJUDICIAL SPILLOVER………………………… | 17 |
| CONCLUSION…………………………………………………………….. | 18 |

# **TABLE OF AUTHORITIES**

*Cases*

| | |
|---|---|
| *Atkins v. New York City*, 143 F.3d 100, 102 (2d Cir. 1998)……………………. | 12 |
| *Alvarez v. Ercole*, 763 F.3d 223, 229-230 (2d Cir. 2014)………………………. | 14 |
| *Bevevino v. Saydjari*, 574 F.2d 676, 684 (2d Cir. 1978)………………………. | 14 |
| *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973)……………………………. | 14 |
| *Jackson v. Virginia*, 443 U.S. 307, 318-319 (1979)……………………………. | 7 |
| *Smith v. Carpenter*, 316 F.3d 178, 183 (2d Cir. 1998)…………………………  | 12 |
| *United States v. Bertolotti*, 529 F.2d 149 (2d Cir. 1975)………………………. | 9 |
| *United States v. DeSimone*, 119 F.3d 217, 226 (2d Cir. 1997)…………………. | 9 |
| *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001)…………………. | 13 |
| *United States v. Finely*, 245 F.3d 199, 202 (2d Cir. 2001)……………………. | 7 |
| *United States v. Geibel*, 369 F.3d 682, 693 (2d Cir. 2004)……………………. | 11 |
| *United States v. Gigante*, 166 F.3d 75, 82 (2d Cir. 1999)……………………. | 18 |
| *United States v. Guadagna*, 183 F.3d 122 (2d Cir. 1999)……………………. | 7 |
| *United States v. Harris*, 8 F.3d 943, 947 (2d Cir. 1993)………………………  | 17 |
| *United States v. Hawkins*, 547 F.3d 66, 71 (2d Cir. 2008)……………………. | 8 |
| *United States v. Johansen*, 56 F.3d 347, 350 (2d Cir. 1995)…………………. | 9 |
| *United States v. Landau*, 155 F.3d 93, 104 (2d Cir. 1998)……………………  | 13 |
| *United States v. Lopac*, 411 F. Supp 2d 350, 359 (S.D.N.Y. 2006)………….. | 13 |
| *United States v. Maldonado-Rivera*, 922 F.2d 934, 963 (2d Cir. 1990)……… | 9 |
| *United States v. Mariani*, 725 F.2d 862, 865 (2d Cir. 1984)…………………. | 7 |
| *United States v. McDermott*, 245 F.3d 133, 137 (2d Cir. 2001)………………. | 8 |

*United States v. Morrison*, 153 F.3d 34, 49 (2d Cir. 1998)……………………… 7

*United States v. Rodriguez*, 392 F.3d 539, 545 (2d Cir. 2004)………………... 8

*United States v. Rosenblatt*, 554 F.2d 36, 38 (2d Cir. 1977)………………….. 8

*United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992)……………….. 13

*United States v. Taylor*, 464 F.2d 240, 243 (2d Cir. 1972)…………………… 7

*United States v. Velasquez*, 271 F.3d 364, 370 (2001)………………………... 7

*United States v. White*, 692 F.3d 235, 248 (2d Cir. 2012)…………………… 14


*Statutes*

18 U.S.C. § 371……………………………………………………………………. 8

18 U.S.C. 2261(A)(1)(B)………………………………………………………….. 6

Fed. R. Evid. 801(d)(2)(A)………………………………………………………… 17

FRCP Rule 29………………………………………………………………………… 6,9,12,14,18

FRCP Rule 29 (a)………………………………………………………………….. 6

FRCP Rule 29(c)(2)……………………………………………………………….. 6

FRCP Rule 33………………………………………………………………………… 6,12,13,14,18

FRCP Rule 33(a)…………………………………………………………………… 12

**PRELIMINARY STATEMENT**

On June 20, 2023, a jury sitting in and for the Eastern District of New York returned guilty verdicts against Defendant Congying Zheng on Count 3 (Conspiracy to Engage in Interstate Stalking in violation 18 U.S.C. 371 ) and Count 4 (Stalking in violation of 18 U.S.C. 2261(A)(1)(B). The jury acquitted Mr. Zheng of Count 1 (Conspiracy to Act as an Agent of a Foreign Government Without Prior Notification to the Attorney General) and Count 2 (Acting as an Agent of a Foreign Government Without Prior Notification to the Attorney General).

For the reasons that follow, Defendant Congying Zheng, by and through counsel, hereby moves for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure or, in the alternative, for a new trial pursuant to Rule 33 of those same Rules.

**ARGUMENT**

**I.    DEFENDANT RESPECTFULLY REQUESTS A JUDGMENT OF ACQUITTAL**

Federal Rule of Criminal Procedure Rule 29(a) provides, in relevant part:

> The court on motion of a defendant or of its own motion shall order the entry of judgment or acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses.
>
> Similarly, Federal Rule of Criminal Procedure Rule 29(c)(2) provides, in relevant part, "[i]f the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal."

The Second Circuit has long held that when, as here, a defendant moves for a judgment of acquittal, the Court:

> "...must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable interferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. If [the Court] concludes that upon the evidence there must be such a doubt in a reasonable mind, [the Court] must grant the motion; or, to state it another way, if there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt, the motion must be granted. If [the Court] concluded that either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, [the Court] must let the jury decide the matter.
>
> *United States v. Mariani*, 725 F.2d 862, 865 (2d Cir. 1984),
>  *quoting*, *United States v. Taylor*, 464 F.2d 240, 243 (2d Cir. 1972).

The Court can enter a judgment of acquittal on the grounds of insufficient evidence only if, after reviewing the evidence, both direct and circumstantial, in light most favorable to the prosecution and drawing all reasonable inferences in the Government's favor, it concludes no rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318-319 (1979).

In making a motion for judgment of acquittal, the "defendant who challenges the sufficiency of the evidence supporting his conviction 'bears a heavy burden.'" *United States v. Velasquez*, 271 F.3d 364, 370 (2001), *quoting*, *United States v. Finely*, 245 F.3d 199, 202 (2d Cir. 2001). Besides the Court viewing the evidence in a light most favorable to the Government, the Court must recognize it is the jury's domain to determine the weight of the evidence and the credibility of the witnesses and it is the jury's choice as to competing inferences that can be drawn from the evidence. *See United States v. Guadagna*, 183 F.3d 122 (2d Cir. 1999); *United States v. Morrison*, 153 F.3d 34, 49 (2d Cir. 1998).

7

As a result, in order to succeed, a defendant seeking a judgment of acquittal must demonstrate that "no rational trier of fact could [find] the essential elements of the crime charged beyond a reasonable doubt." *United States v. McDermott*, 245 F.3d 133, 137 (2d Cir. 2001) (internal quotations omitted).

In making the instant motion, Mr. Zheng contends that the evidence proffered by the Government, even considered in a light most favorable to it and with all reasonable inferences drawn in its favor, was insufficient as a matter of law and that no rational trier of fact could find the elements of the charged offenses proven beyond a reasonable doubt. As a result, Mr. Zheng's motion for judgment of acquittal must be granted.

Mr. Zheng contends that there is insufficient evidence in the trial record to support the conviction of the single stalking conspiracy charged in the trial indictment. A conspiracy conviction under 18 U.S.C. § 371 requires proof "that two or more persons agreed to participate in a joint venture intended to commit an unlawful act." *United States v. Hawkins*, 547 F.3d 66, 71 (2d Cir. 2008). Because a conspiracy is ultimately an agreement among conspirators, "[a] meeting of the minds in required." *United States v. Rosenblatt*, 554 F.2d 36, 38 (2d Cir. 1977). There must be an agreement on the "essential nature of the plan and on the kind of criminal conduct... in fact contemplated." *c* "Proof that the defendant knew that some crime would be committed is not enough." *United States v. Rodriguez*, 392 F.3d 539, 545 (2d Cir. 2004).

For a defendant to be guilty of a conspiracy, "there must be some evidence from which it can be reasonably be inferred that the person charged with conspiracy knew of the existence of the scheme alleged in the indictment and knowingly joined and participated in it." *Hawkins*, 547 F.3d at 71. "[M]embership requires proof of purposeful behavior aimed

8

at furthering the goals the goals of the conspiracy." *United States v. DiSimone*, 119 F.3d 217, 223 (2d Cir. 1997).

Whether the government's proof shows a single conspiracy or multiple conspiracies "is a question of fact for a properly instructed jury." *United States v. Johansen*, 56 F.3d 347, 350 (2d Cir. 1995). "In order to prove a single conspiracy, the government must show that each alleged member agreed to participate in what he knew to be a collective venture directed toward a common goal. The conspirators need not have agreed on the details of the conspiracy, so long as they agreed on the essential nature of the plan." *United States v. Maldonado-Rivera*, 922 F.2d 934, 963 (2d Cir. 1990) (internal citations omitted).

To obtain an acquittal pursuant to Rule 29 based upon the proof of multiple conspiracies the defendant must "show that (1) the indictment charged a single conspiracy, but the proof disclosed several independent conspiracies, and (2) defendant was so prejudiced by this variance as to be denied a fair trial." *United States v. DeSimone*, 119 F.3d 217, 226 (2d Cir. 1997).

The evidence, taken in the light most favorable to the government, does not support the jury's finding a single conspiracy to engage in interstate stalking. A single conspiracy exists where the groups share a common goal and depend upon and assist each other, and it can be reasonably inferred that "each actor was aware of his part in a larger organization where others performed similar roles." *United States v. Bertolotti*, 529 F.2d 149 (2d Cir. 1975).

The following factors are illustrative that multiple conspiracies, rather than a singular conspiracy existed:

9

(1) Mr. Zheng does not concede that there was a shared common goal of seeking to intimidate or harass John Doe #1 with his trial co-defendants. The evidence does not show beyond a reasonable doubt that his trial defendants intended to perform anything beyond covert surveillance of John Doe #1 and his family.

(2) The schemes between co-defendants Michael McMahon and Yong Zhu were led by a completely different core group of leaders and unindicted co-conspirators. There is no common leadership between Mr. Zheng and his trial co-defendants.

(3) There are no common participants between McMahon and Zhu and Mr. Zheng. Although a change in membership can occur in a conspiracy, there was no evidence of a change in membership.

(4) There was no mutual interdependence of the criminal schemes. The evidence produced against McMahon and Zhu showed their participation ended in April 2017. Mr. Zheng did not participate in criminal activity until September 2018. There is no evidence showing that Zheng relied upon the activities of McMahon and Zhu.

Overall, the evidence failed to show that Mr. Zheng engaged in a knowing conspiracy with his trial co-defendants to commit interstate stalking. In fact, the jury acquitted Mr. Zheng of conspiring to act as an agent of a foreign government without prior notification to the Attorney General. The memberships of the conspiracies in both Counts One and Three are identical. Mr. Zheng respectfully submits that no rational juror could

10

have found guilt beyond a reasonable doubt that Mr. Zheng knowingly and willfully joined and/or formed an agreement with McMahon or Zhu. The evidence showed that there were two separate distinct groups that had a common victim. Having a common victim, is insufficient proof to demonstrate the agreement necessary to prove a conspiracy charge.

The evidence showed that Mr. Zheng formed an agreement with co-defendant Zebin Kuang. No evidence was ever offered by the Government that Kuang or Zheng formed an agreement with any of the persons that formed an agreement with McMahon or Zhu. The trial evidence showed that Kuang and Zheng formed an agreement with uncharged co-conspirator Chaohong Chen. *TR.* 1243. During Kuang's cross examination, he revealed that John Doe #1 was being contacted on behalf of a Macau-based gang, and not the Chinese Government. The only other person that Kuang identified involved in his conspiracy was an individual named Ma Yongshun. *TR.* 1260. Ma Yongshun was never identified as a PRC official, or connected to any other person in the case.

The evidence presented at trial established proof of distinct conspiracies causing substantial prejudice against Mr. Zheng. "In evaluating substantial prejudice in this context, the essential question is whether the jury convicted the defendant on evidence unrelated to his own alleged activity." *United States v. Geibel*, 369 F.3d 682, 693 (2d Cir. 2004). There was substantial prejudice based upon the large amount of evidence used to prove the conspiracy and substantive offenses of the co-defendants. This created a prejudicial "spillover" due to the joinder of Defendants McMahon and Zhu.

Further there was shocking and inflammatory evidence that improperly came in against Mr. Zheng. A significant amount of evidence was used against Mr. Zheng regarding the coercive tactics used by the PRC officials. Such tactics including the "kidnapping" John

11

Doe #1's father and forcing him to travel against his will to the United States. Mr. Zheng had no part in this activity.

Additionally, the Government introduced, over objection, a shocking video of John Doe #1's family created in the PRC. *Government Exhibit* 506-A. Government exhibit 506-A was a DVD seized by law enforcement that was shipped John Doe #1's brother-in-law on April 23, 2019. This DVD was sent from an unknown source more than seven months after Mr. Zheng went to John Doe #1's residence. The video showed disturbing content of pro-Communism propaganda and John Doe's family crying. This inflammatory video was shown to inflame the passions of the jury and garner sympathy for the victim. Mr. Zheng had absolutely no connection to this video, it should not have been admitted as against him, and this evidence was completely unrelated to his own activity.

## II. IF THIS COURT DETERMINES THAT A JUDGMENT OF ACQUITTAL IS NOT APPROPRIATE IN THIS CASE, THEN IN THE ALTERNATIVE, A NEW TRIAL SHOULD BE ORDERED PURSUANT TO FED. R. CRIM. P. 33(A)

### A. THE WEIGHT OF THE EVIDENCE IS NOT SO STRONG THAT THE JURY'S VERDICT SHOULD BE PERMITTED TO STAND

Pursuant to Rule 33(a) of the Federal Rules of Criminal Procedure, "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." In general, "a motion for a new trial 'should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice.'" *Smith v. Carpenter*, 316 F.3d 178, 183 (2d Cir. 1998), *quoting*, *Atkins v. New York City*, 143 F.3d 100, 102 (2d Cir. 1998).

Unlike in the context of a Rule 29 motion, in the context of a Rule 33 motion, in making its determination the Court "is not required to view the evidence in the light most

12

favorable to the government." *United States v. Lopac*, 411 F. Supp 2d 350, 359 (S.D.N.Y. 2006). The Court must "examine the entire case, take into account all facts and circumstances, and make an objective evaluation..." *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001). Ultimately, the Court should order a new trial under Rule 33 if "it would be a manifest injustice to let the guilty verdict stand." *United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992).

It is a miscarriage of justice for the conviction to stand against Mr. Zheng. Although the trial clearly showed a campaign of years-long harassment of John Doe #1 and his family by the PRC, Mr. Zheng was involved for less than twenty-four hours. Moreover, the jury determined that he was not working as an agent of the PRC. Through the testimony of Kuang it was disclosed that he believed he was acting on behalf of a Macau based gang, and not the Chinese Government.[1] Kuang explicitly stated that he never believed that he was acting on behalf of the Chinese Government. Kuang failed to demonstrate through his testimony, and the Government failed to prove in the entirety of its case, that Congying Zheng had any connection with the other co-defendants.

Rule 33 affords District Courts discretion to order a new trial upon finding that the jury's verdict was contrary to the weight of the evidence. *See Sanchez*, 969 F.2d at 1413. "Unlike a motion for judgment as a matter of law, a motion for a new trial may be granted even if there is substantial evidence to support the jury's verdict," and "a trial judge considering a motion for a new trial 'is free to weigh the evidence [herself] and need not view it in the light more favorable to the verdict winner.'" *United States v. Landau*, 155

---

[1] Q  Did Zheng indicate to you that this was being done – leaving the note was being done for a Dai Lo, a gang leader out of Macau?
A  Yes.
*TR*. 1291.

13

F.3d 93, 104 (2d Cir. 1998), *quoting*, *Bevevino V. Saydjari*, 574 F.2d 676, 684 (2d Cir. 1978). Mr. Zheng respectfully submits that even if the evidence viewed in the light most favorable to the Government was sufficient under Rule 29, at a minimum the Court should grant a new trial under Rule 33.

### B. A NEW TRIAL IS WARRANTED BECAUSE THE COURT IMPROPERLY CURTAILED CROSS-EXAMINATION OF WITNESSES

"The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations. The rights to confront and cross-examine witnesses and to call witnesses in one's own behalf have long been recognized as essential to due process." *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973). "Supreme Court law clearly establishes that, under the Sixth Amendment's Confrontation Clause, a criminal defendant must have a meaningful opportunity to cross-examine witnesses against him." *Alvarez v. Ercole*, 763 F.3d 223, 229-230 (2d Cir. 2014).

"A trial judge abuses his discretion in curtailing cross-examination of a government witness when the curtailment denies the jury sufficient information to make a discrimination appraisal of the particular witness's possible motives for testifying falsely in favor of the government." *United States v. White*, 692 F.3d 235, 248 (2d Cir. 2012).

The Defendants were prohibited from asking government witnesses very basic information about their backgrounds, especially anything about John Doe #1's background in the PRC. The Government opened the door to this information several times, including in its opening statement:

14

> As you will learn over the course of this trial, the victim and his wife were born in China and lived there for much of their lives... As you will hear from the victim, he worked for the government in China until about 2008 when he fell out of favor with the Chinese communist party." *Tr.* 28.

The theory that John Doe #1 was a dissident, rather than a fugitive was introduced numerous times. Including by Jane Doe #1, who could not permissibly be confronted regarding her statement due to the Court's rulings curtailing cross-examination.[2] The defense was unable to discuss John Doe #1's conduct in the PRC, whatsoever. This created a one-sided narrative that John Doe #1 did not commit any crimes in the PRC.

The Court determined that "what happened in China is irrelevant." *TR.* 142. The defense submits that this improperly foreclosed the defense from inquiring about facts necessary to present a defense. According to the 302's provided as *Giglio* material, John Doe #1 indicated that he had disputes with construction companies located in Hong Kong and Macau. Defense counsel was unable to confront John Doe #1 about these disputes. Such disputes form a basis for the theory that there are multiple conspiracies in the trial indictment that were charged as a single conspiracy.

| | |
|---|---|
| MR. GOLDBERGER: | Don't I have a right to ask what they did for a living in China? |
| THE COURT: | Not if you're going to try to suggest they did something illegal. |

*TR.* 738.

---

[2] [JANE DOE #1]: I believe my husband became the target of the Chinese Government because he is upright and believes in justice and he opposed a principle and he did not want to do any harm to the interest of the people and he did not want to violate the laws, and he upset those in power.  That's why he was being persecuted and retaliated against.  And I became the target of the Chinese Government simply because I'm the wife of the target and I have been implicated. *TR.* 796.

15

No questions regarding the employment or financial status of the victims were permitted. Cross-examination of the wealth of the victims was curtailed throughout the trial, which was relevant to the victim's motives to lie. No questions were permitted regarding the victims' assets, their ability to pay for EB-5 investment visas, own multiple homes, and pay for private education. Whether John Doe #1 has wealth is relevant to his credibility, because it concerns the lengths to which willing to lie to protect his wealth.

The Court additionally ruled that the defendants were prohibited from introducing through cross-examination the existence of a New Jersey civil lawsuit against John Doe #1 involving relevant Chinese entities. This lawsuit was filed after McMahon and Zhu's involvement, but before Congying Zheng appeared at John Doe #1's residence in September 2018. This lawsuit demonstrates that John Doe #1 was served with legal process and that his residence was known to other individuals.

Excluding the existence of this lawsuit allowed the jury to impermissibly believe that the only manner Congying Zheng was able to obtain John Doe #1's address was through the co-defendants. This is an improper inference, as the Government did not provide any direct or circumstantial evidence of common participants and membership in a conspiracy to commit interstate stalking. There was no proof that Zheng received John Doe #1's address through McMahon or Zhu.

During closing the Government argued that Congying Zheng must be conspiring to act on behalf of the Chinese Government because the Chinese Government administers the prisons in China. Ultimately, the jury did not agree and acquitted Mr. Zheng of conspiring to act and acting as a foreign agent of the PRC. Regardless, curtailing the cross-

16

examination of the victims, specifically about John Doe's dealings in the PRC, created a narrative that *the only* individuals and entities seeking to intimidate John Doe #1 was the Chinese Government.

### C. THE GOVERNMENT HAS PROVED MULTIPLE CONSPIRACIES CAUSING SIGNIFICANT PREJUDICIAL SPILLOVER

The evidence presented at trial showed that Congying Zheng participated in a conspiracy with co-defendant Zebin Kuang and unindicted co-conspirator Chaohong Chen on September 4th and 5th 2018. The remainder and majority of the evidence presented involved a series of interactions between individuals that never had any connection with Mr. Zheng. The jury acquitted Mr. Zheng of conspiring to acting as an agent of the PRC. The membership for both conspiracy counts in the trial indictment are identical, and there was insufficient evidence showing Mr. Zheng was a part of the larger conspiracy. Thus, a new trial is required for the substantive conviction of Interstate Stalking, as there was simply too much other evidence offered of entirely separate actions and unconnected defendants, fanning the flames of prejudicial spillover.

"One of the principal considerations in determining the existence of prejudice is the 'spill over effect' of permitting testimony regarding one conspiracy to prejudice the mind of the jury against the defendant who is not part of that conspiracy but another." *United States v. Harris*, 8 F.3d 943, 947 (2d Cir. 1993).

Prior to trial and during trial, defense counsel objected to the introduction of co-conspirator statements against Mr. Zheng admitted pursuant to Fed. R. Evid. 801(d)(2)(A). "[W]hile the hearsay statement itself may be considered in establishing the existence of the

17

conspiracy, there must be some independent corroborating evidence of the defendant's participation in the conspiracy." *United States v. Gigante*, 166 F.3d 75, 82 (2d Cir. 1999 However, the Government did not link Mr. Zheng to the members of the conspiracy involving the PRC officials. Rather, the sole connection between the conspiracies are the victims. As a result, must of the trial contained evidence used against Mr. Zheng that was irrelevant and inadmissible to his conduct.

## **CONCLUSION**

Accordingly, for all the reasons discuss above, Defendant Congying Zheng, by and through counsel, respectfully requests that this Court vacate Mr. Zheng's conviction and direct a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure, or, in the alternative, a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure.

Dated: New York, New York
      August 10, 2023

                                              Respectfully submitted,

                                              S/ *Renee M. Wong*

                                              Renee M. Wong, Esq.
                                              Attorney for Congying Zheng
                                              401 Broadway, suite 306
                                              New York, New York 10013


                                              S/ *Paul A. Goldberger*

                                              Paul A. Goldberger, Esq.
                                              Goldberger & Dubin, P. C.
                                              Attorney for Congying Zheng
                                              401 Broadway, Suite 306
                                              New York, New York 10013